## Shelia C. WALKER, Plaintiff,

v.

## COLLEGE TOYOTA, INC., Defendant.

### Civ. A. No. 74–58.

United States District Court,
W. D. Virginia,
Lynchburg Division.

Dec. 9, 1974.

Charles M. L. Mangum, Lynchburg, Va., for plaintiff.

Robert C. Wood, III, Lynchburg, Va., for defendant.

## OPINION and JUDGMENT

TURK, Chief Judge.

Plaintiff, Shelia C. Walker, has instituted this action against the defendant, College Toyota, Inc., under the Consumer Credit Protection Act, commonly known as the Truth-in Lending Act, 15 U.S.C. § 1601 *et seq.* (1974). In her complaint, she alleges violations of the Act and the regulations promulgated thereunder, 12 C.F.R. § 226.1 *et seq.* (1974). This court has jurisdiction over this suit under 15 U.S.C. § 1640(e).

Defendant, a Virginia Corporation, is a creditor as defined by 15 U.S.C. § 1602(f) [1]; plaintiff is a "consumer" as defined by 15 U.S.C. § 1602(h) [2]. The transaction in question was a "credit sale" as defined by 15 U.S.C. § 1602(g) [3] and a "consumer credit transaction" as

---

1. 15 U.S.C. § 1602(f) provides:
   The term "creditor" refers only to creditors who regularly extend, or arrange for the extension of, credit for which the payment of a finance charge is required, whether in connection with loans, sales of property or services, or otherwise. The provisions of this subchapter apply to any such creditor, irrespective of his or its status as a natural person or any type of organization.

2. 15 U.S.C. § 1602(h) provides:
   The adjective "consumer", used with reference to a credit transaction, characterizes the transaction as one in which the party to whom credit is offered or extended is a natural person, and the money, property, or services which are the subject of the transaction are primarily for personal,

family, household, or agricultural purposes.

3. 15 U.S.C. § 1602(g) provides:
   The term "credit sale" refers to any sale with respect to which credit is extended or arranged by the seller. The term includes any contract in the form of a bailment or lease if the bailee or lessee contracts to pay as compensation for use a sum substantially equivalent to or in excess of the aggregate value of the property and services involved and it is agreed that the bailee or lessee will become, or for no other or a nominal consideration has the option to become, the owner of the property upon full compliance with his obligations under the contract.

defined by 12 C.F.R. § 226.2(k) [4]. It is conceded that on or about July 11, 1973, the plaintiff entered into a consumer credit transaction with the defendant by executing a retail installment contract with the defendant. See Appendix A. This contract was executed in connection with the purchase of a Toyota automobile.

Plaintiff asserts that defendant violated the Act by failing to disclose the "deferred payment price" of the automobile, denominated as such, in violation of 12 C.F.R. § 226.8(c)(8)(ii) (Regulation Z).[5] Because no genuine issue of material fact exists with respect to this contention, this case is appropriately before this court on a motion for summary judgment.[6]

Disclosure in a credit sale of the "deferred payment price" is specifically required not by the provisions of the Act, see 15 U.S.C. § 1638(a); but by the regulations promulgated by the Federal Reserve Board, 12 C.F.R. § 226.-8(c)(8)(ii). Defendant clearly has failed to disclose the "deferred payment price" in its contract form in violation of § 226.8(c)(8)(ii). See Appendix A. Defendant asserts, however, as a defense to the imposition of the civil penalty prescribed by 15 U.S.C. § 1640(a) [7] that even though it has failed to disclose the "deferred payment price" in violation of

4. 12 C.F.R. § 226.2(k) provides:
"Consumer credit" means credit offered or extended to a natural person, in which the money, property, or service which is the subject of the transaction is primarily for personal, family, household, or agricultural purposes and for which either a finance charge is or may be imposed or which pursuant to an agreement, is or may be payable in more than four installments. "Consumer loan" is one type of "consumer credit."

5. 12 C.F.R. § 226.8(c) provides:
*Credit sales.* In the case of a credit sale, in addition to the items required to be disclosed under paragraph (b) of this section, the following items, as applicable, shall be disclosed:
(1) The cash price of the property or service purchased, using the term "cash price."
(2) The amount of the downpayment itemized, as applicable, as downpayment in money, using the term "cash downpayment," downpayment in property, using the term "trade-in" and the sum, using the term "total downpayment."
(3) The difference between the amounts described in subparagraphs (1) and (2) of this paragraph, using the term "unpaid balance of cash price."
(4) All other charges, individually itemized, which are included in the amount financed by which are not part of the finance charge.
(5) The sum of the amounts determined under subparagraphs (3) and (4) of this paragraph, using the term "unpaid balance."
(6) Any amounts required to be deducted under paragraph (e) of this section using,

as applicable, the terms "prepaid finance charge" and "required deposit balance," and, if both are applicable, the total of such items using the term "total prepaid finance charge and required deposit balance."
(7) The difference between the amounts determined under sub-paragraphs (5) and (6) of this paragraph, using the term "amount financed."
(8) Except in the case of a sale of a dwelling:
(i) The total amount of the finance charge, with description of each amount included, using the term "finance charge," and
(ii) The sum of the amounts determined under sub-paragraphs (1), (4), and (8(i) of this paragraph, using the term "deferred payment price."

6. Plaintiff also asserts that the required disclosures were not timely made. Because of this court's disposition of this case, it need not consider this contention.

7. 15 U.S.C. § 1640(a) provides:
(a) Except as otherwise provided in this section, any creditor who fails in connection with any consumer credit transaction to disclose to any person any information required under this part to be disclosed to that person is liable to that person in an amount equal to the sum of
(1) twice the amount of the finance charge in connection with the transaction, except that the liability under this paragraph shall not be less than $100 nor greater than $1,000; and
(2) in the case of any successful action to enforce the foregoing liability, the costs of the action together with a reasonable attorney's fee as determined by the court.

Regulation Z, the civil liability provision of the Act, 15 U.S.C. § 1640(a), imposes liability only for failure to disclose information required by the language of the Act itself; failure to disclose information required not by the Act itself, but only by the regulations should not result in civil liability. The dispositive issue, then, is whether civil liability under the Act attaches to a failure to disclosure information required by the regulations, but not by the Act itself.[8]

This court need not speculate as to the scope of 15 U.S.C. § 1640(a) in that defendant's argument is foreclosed by the opinion of the United States Supreme Court in *Mourning v. Family Publications Services, Inc.*, 411 U.S. 356, 93 S. Ct. 1652, 36 L.Ed.2d 318 (1973).

In *Mourning*, the principal issue before the court was whether the "Four-Installment Rule"[9] promulgated by the Board was a valid exercise of rule-making authority. The court went on however to consider and reject the creditor—respondent's argument that even if the regulation in question was valid, Section 130 of the Act, 15 U.S.C. § 1640, did not impose a civil penalty for violations of regulations which prescribe disclosures not required by the Act itself. In the context of the *Mourning* case, creditor—respondent argued that since 15 U.S.C. § 1631 requires the making of disclosures only when a finance charge is involved, failure to make those disclosures in a transaction not involving a finance charge, even if a violation of a valid regulation, cannot result in civil liability. Disposing of this argument, the court stated:

"Since the civil penalty prescribed is modest and the prohibited conduct clearly set out in the regulation, we need not construe this section [15 U.S.C. § 1640] as narrowly as a criminal statute providing graver penalties, such as prison terms. . . . Congress cannot . . . be required to tailor civil penalty provisions so as to deal precisely with each step which the agency thereafter finds necessary. In light of the emphasis Congress placed on agency rulemaking and on private and administrative enforcement of the Act, we cannot conclude that Congress intended those who failed to comply with regulations to be subject to no penalty or to criminal penalties alone. . . . [I]mposition of the minimum sanction is proper in cases such as this, where the finance charge is non-existent or undetermined." Id. at 376, 93 S.Ct. at 1664.

For these reasons, defendant's argument cannot be sustained. In further support of its decision, this court refers to the language of 15 U.S.C. § 1604.[10] That section authorizes the Board to prescribe regulations to carry out the purposes of the Act. Section 1640 prescribes liability for failure to disclose any information "required under this part [Part B]." When § 1604 and § 1640(a) are read together, it is clear that regulations effectuating the purposes of Part B of the Act (credit transactions), if valid under § 1604, are within the scope of § 1640(a). The court in *Mourning* removed any doubt on this point when it stated:

This section [15 U.S.C. § 1640] refers only to the failure to provide 'infor-

---

8. Defendant has not raised any issue as to the validity of 12 C.F.R. § 226.8(c)(8)(ii) and this court therefore does not consider that question.

9. See fn. 4.

10. 15 U.S.C. § 1604 provides:
The Board shall prescribe regulations to carry out the purposes of this subchapter.

These regulations may contain such classifications, differentiations, or other provisions, and may provide for such adjustments and exceptions for any class of transactions, as in the judgment of the Board are necessary or proper to effectuate the purposes of this subchapter, to prevent circumvention or evasion thereof, or to facilitate compliance therewith.

mation required *under this part* to be disclosed . . . ' (Emphasis supplied). The italicized language was added to the statue to distinguish disclosure required in regard to sales transactions from that required in regard to advertising. . . . The penalty provision applies both to the failure to disclose information specifically required by the statute and to the failure to abide by regulations promulgated by the Board to govern such disclosure. Id. at 376, fn. 41, 93 S.Ct. at 1664.

For the above reasons, this court finds that the defendant has violated the Act and by so doing, has subjected itself to the civil liability prescribed by 15 U. S.C. § 1640(a).

The defendant has indicated that should this court reject its argument, it would want an opportunity to assert the statutory defenses afforded under 15 U. S.C. § 1640(c).[11]

The case is set for trial as to these defenses on Wednesday, December 11, 1974, beginning at 9:30 A.M.

### ORDER

Having previously taken under advisement defendant's, motion for summary judgment by order dated October 25, 1974, and having duly considered said motion and the briefs filed in this matter by counsel for plaintiff and defendant and now being under the opinion that it is improper to grant summary judgment for the defendant for the reasons stated in its opinion and judgment dated December 5, 1974, a copy of which is filed herewith and hereby incorporated by reference, the Court doth deny defendant's motion for summary judgment to which defendant objects and excepts.

Then came the parties in person and by counsel on December 11, 1974, and stipulated that the facts of this case are correctly recited in said order dated October 25, 1974, and that if plaintiff is entitled to recover from defendant under § 1640(a) of U.S.C.A. the liability of the defendant to the plaintiff is $1,000.00 pursuant to said section and that a reasonable and proper attorney's fee for plaintiff's attorney, Charles M. L. Mangum, is $1,500.00. The defendant not offering any other evidence, the Court doth therefore adjudge, order and decree that the plaintiff recover from the defendant the sum of $1,000.00 plus her attorney's fee in the amount of $1,500.-00, interest from the date of the entry of this order, and her costs incurred in this proceeding.

The defendant having indicated its intention to file an appeal from this order, the Court doth stay this judgment for thirty (30) days in order for the defendant to perfect an appeal herein, and if such appeal is perfected by the defendant pursuant to the Federal Rules of Civil Procedure, the stay of this judgment shall continue until a final determination is rendered by the 4th Circuit Court of Appeals, provided, however, that at the time it files its notice of appeal the defendant shall enter into a bond in the amount of $250.00, without surety or other security, for the costs of the appeal.

11. 15 U.S.C. § 1640(c) provides:
A creditor may not be held liable in any action brought under this section for a violation of this part if the creditor shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.