ALBERT V. BRYAN, Senior Circuit Judge
dissenting:
Defendants’ contract, save in a lone technical, immaterial instance, has been mistakenly convicted of violations of the Truth in Lending Act. This judgment cannot stand: (1) because of entire want of proof to support it, and (2) for impermissible procedure in its award. With sincere deference to my panelists, I can read no such liability in the document other than the just-mentioned insubstantial exception.[1] Hence, I have no occasion to discuss “damages” of which, confessedly, none were actual, but purely statutory, indeed exclusively punitive in nature.
I. NO VIOLATION PROVED
To determine its guilt or innocence, the contract’s characteristics, on which plaintiff poses her case, must be tested within the frame of the Act as the Congress had declared it:
“It is the purpose of this subchapter to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing . . . .” 15 U.S.C. § 1601.
In none of the plaintiff’s counts against the defendants is there even an intimation of untruth of any kind. There is no hint of concealment, fraud, deceit, arithmetical error or any inadequacy. Thus at least the Congressional aim and purpose here has not been thwarted. Indeed, the indictment is simply to the ‘layout’ and detail of the statement of account in the printed contract. A casual reading reveals the contract to be clear and readily understandable, as is confirmed by the following annotated verbatim copy of its items:
[Captioned “Purchase Money Security Agreement”, the first notation is of the goods sold. Thereafter are two vertical parallel columns, the one to the right, beginning thereunder as follows:] “Selling Price”:
“TOTAL” 569.90
“Sales Tax” 22.80
“CASH PRICE” 592,70
“FINANCE CHARGE” 40.54
“DEFERRED PAYMENT PRICE” 633.24
“TOTAL TIME BALANCE” 396.00
Number of payments 12
[This last figure — “Total Time Balance 396.00 — is further broken down in the parallel column immediately to the left of the foregoing figures. There entered is a previous balance of $65.00 of an old account, from which is deducted a “Finance Charge Discount” of $1.46, apparently as unearned by the defendant. The left column further explained the account as follows:]
“Previous (old) Balance” 65.00
“FINANCE CHARGE DISCOUNT” 1.46
“Net (old) Balance” 63.54
“Cash Price New Purchase” 592.70 [See above]
“Total” 656.24
“Cash Down Payment” 302.24
“Total Down Payment” 302.24
“Unpaid Balance of Cash Price” 354.00
“Account Financed” “TOTAL FINANCE CHARGE” “DEFERRED PAYMENT PRICE” 354.00 «Less Unearned Finance Charge -^22 of 1.46” [See 40.54 above] 698.24
ANNUAL PERCENTAGE RATE 21.25%
*228 [This last item of $698.24 is simply the aggregate of the two contracts: $65 old account and $633.24, new account. From it is deducted the Total Down Payment of $302.24 'eaving $396.00 as “Total Time Balance” in right column, and again $396.00 in left column’ consisting of “Account Financed $354.00 and Total Finance Charge $42.00.]

The Technical Violation

As heretofore noted, in one item of the contract statement, there was a failure to follow the exact phraseology of the Regulation. The defendants at once candidly conceded this at trial, i. e., that the item of $396.00 (the last in the first column above) should have been labeled “total of payments” instead of “Total Time Balance”. This is the sole departure, no more than a misnomer.
Incidentally, it is significant that the contract term was a more informative label than the Regulation provided. The figure was the final and net amount still owing under the contract — $396.00. The Regulation directed that this item give “the number, amount and due dates or periods of payments scheduled to repay the indebtedness and . . . the sum of such payments”. Obviously, it was not to be the “total of payments”, suggesting those already made, but rather those “scheduled” to be made, of which the defendants’ designation of “Total Time Balance” is thus more explicit.
At this juncture it is pertinent to distinguish the omission here from those penalized in Mourning v. Family Publications Service, Inc., 411 U.S. 356, 93 S.Ct. 1652, 36 L.Ed.2d 318 (1973). In Mourning neither the total purchase price, nor the amount unpaid after the initial payment, nor any reference to a finance charge — all obviously of the essence of such an agreement — was shown. Quite the contrary is manifested instantly. The contract gives precisely and separately both the cash price and the Deferred Payment Price not only of the new account, but of the old and new combined, and thereafter the Total Time Balance. Likewise the Total Finance Charge is stated for both accounts and the reduction of it for the new balance due. The same distinction exists between the present and those contracts faulted in McGowan v. King, Inc., 569 F.2d 845 (5 Cir. 1978) and in Walker v. College Toyota, 399 F.Supp. 778 (W.D.Va.1974) aff. 519 F.2d 447 (4 Cir. 1975) relying on Mourning and affirmed on same ground.
The totally mechanical and insensitive application of the Act now pursued by the majority finds no precedent in Supreme Court or Circuit decision. Surely at some point this pedantic construction becomes unrealistic and so it has here.
In my view that defendants’ contract comfortably fits into the charter of the Truth in Lending Act, that is, “to protect the consumer against inaccurate and unfair credit billing”. 15 U.S.C. § 1601. In fine, the action should have been dismissed because of plaintiff’s failure to prove defendants in violation of the statute.
II. SUMMARY JUDGMENT IMPERMISSIBLE
At all events summary judgment should not have been granted. Jury questions remained throughout for resolution. Even if the Court believed the plaintiff had made out a case sufficient to defeat defendants’ motion for summary judgment, the defendants’ demand for a jury was still virulent. Nevertheless, the Court proceeded alone to decide determinative factual issues.
First, the Court rules that the “information [as to the indebtedness] cannot be derived by reading straight down” the columns on the contract, forcing the reader to “switch back and forth between the two *229 columns of figures”, and finding the result confusing. Next, it is said that the labels are “misleading” and the additional information obscured the statement. The Court also thought the components of the finance charges were not properly disclosed or not in meaningful sequence. Indisputably these were jury questions.
To sustain these summary conclusions, it is necessary for this Court to say that there was “no genuine issue” as to any “material fact”, in regard to the contract’s sufficiency under the Truth in Lending Act. FRCP 56. In short, to affirm we must say that no conflict of fact exists between the parties as to the explicitness of the contract.
Again, I have not been cited to, nor do I find, a Supreme Court or a Circuit ease denying a trial by jury on disputed fact issues of liability under the Act.
I would urge that the judgment of liability now on appeal be reversed, with final summary judgment for the defendants on their motion, or failing this disposition, that the case be remanded to the District Court for trial with a jury on the evidence as to liability as well as on damages.

. This deviation consisted of the designation of an item as “Total Time Balance” when Regulation Z directed it to be denominated “total of payments”. 226.8(b)(3) of Regulation Z.