**Chrisom POLK, Plaintiff,**

v.

**CROWN AUTO, INC., Defendant.**

**No. 4:99CV0011.**

United States District Court,
W.D. Virginia,
Danville Division.

Nov. 16, 1999.

Elmer Woodard, Danville, VA, for plaintiff.

Robert Joe Smitherman, Daniel, Vaughan, Medley & Smitherman, P.C., Danville, VA, for defendant.

*MEMORANDUM OPINION*

MOON, District Judge.

The plaintiff, Chrisom Polk, brought this action against the defendant, Crown Auto, Inc., alleging violations of the Truth in Lending Act as well as several state causes of action. The defendant filed a motion for summary judgment and the plaintiff filed an independent motion for partial summary judgment. Both parties have responded to the other's motion.

Because there is no genuine issue of material fact that would entitle the plaintiff to judgment, the Court GRANTS the defendant's motion with respect to the Truth in Lending Act claim and DENIES the plaintiff's motion accordingly. The remaining state law claims are dismissed without prejudice.

## I. FACTUAL BACKGROUND

The plaintiff purchased a 1987 Toyota truck from the defendant on February 16, 1999. Prior to consummating the transaction, the defendant made verbal disclo-

sures of the transaction's credit terms. On February 16, 1999, the plaintiff entered into two Retail Installment Sales Contracts (hereinafter "RISCs") in order to purchase the truck. After the signing, the plaintiff was given copies of the RISCs.

The agreed payment schedule required the plaintiff to pay $118.05 per month for 30 months with the initial payments to begin on March 18, 1998. The plaintiff failed to make either the June 18, 1998 or the July 18, 1998 payment and the vehicle was repossessed on July 24, 1998.

The plaintiff brought this action alleging the above and the following counts:[1]

Count 1 alleges that the defendant violated the Truth in Lending Act by not giving the plaintiff copies of the RISCs in a form that he could keep before consummation of the credit transaction.[2]

Count 2 seeks damages for creating an usurious loan.

Counts 3 alleges that the defendant engaged in the wrongful repossession of the 1987 Toyoto truck

Count 5 alleges violations of the Virginia Consumer Protection Act, Va.Code § 59.1–198 et seq., by not registering the truck within 30 days, defrauding a retail buyer, fraudulently retaking the vehicle, fraudulently misrepresenting the plaintiff's balance at redemption, fraudulently increasing the amount required to redeem, employing servants who fraudulently induced the plaintiff to allow then to repossess the truck, falsely representing the mileage of the vehicle, concealing the plaintiff's right to process the title himself, and by charging two processing fees when it represented that it was only charging one.

1. Upon stipulation of the parties, the plaintiff's fourth, seventh, tenth, and eleventh causes of action were dismissed with prejudice on October 5, 1999.

2. The plaintiff's reply to the defendant's motion for summary judgment stated that, in

Count 6 alleges that because the transaction violated laws designed to protect the public and because the transaction is imbued with fraud, it is unenforceable.

Count 8 alleges that the defendant breached its contract with the plaintiff.

Count 9 alleges that the defendant knowingly and intentionally misled the plaintiff.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment should only be granted if, viewing the record as a whole in the light most favorable to the non-moving party, no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Terry's Floor Fashions, Inc. v. Burlington Industries, Inc.,* 763 F.2d 604, 610 (4th Cir.1985). In considering a motion for summary judgment, "the court is required to view the facts and draw reasonable inferences in a light most favorable to the non-moving party." *Shaw v. Stroud,* 13 F.3d 791, 798 (4th Cir.1994) (citations omitted), *cert. denied,* 513 U.S. 813, 115 S.Ct. 67, 130 L.Ed.2d 24 (1994).

## III. ANALYSIS

■ The Truth in Lending Act ("TILA") (Title I of the Consumer Credit Protection Act, 15 U.S.C. § 1601 et seq.), as implemented by Federal Reserve Board Regulation Z, 12 C.F.R. § 226, was designed by Congress as a tool "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him ... and to protect the

light of this Court's recent decisions, he no longer wished to pursue allegations that the defendant violated the Truth in Lending Act by including an $85 processing fee as part of the amount financed instead of as part of the finance charge.

consumer against inaccurate and unfair credit billing ... practices." 15 U.S.C. § 1601(a). To that end, the TILA mandates that creditors make specific disclosures when extending credit to consumers. *See* 15 U.S.C. § 1638(a); *Gilbert v. Wood Acceptance Co.*, 486 F.2d 627 (7th Cir. 1973). These disclosures include the identity of the creditor, the amount financed, the finance charge, and the total number of payments. 15 U.S.C. § 1638(a). Because the TILA is to be broadly construed to provide protection for the consumer, any failure to disclose information as required by the TILA or Regulation Z results in a technical violation. *See Walker v. College Toyota, Inc.*, 399 F.Supp. 778 (W.D.Va.1974) *aff'd* 519 F.2d 447 (4th Cir. 1975); *Riggs v. Government Emp. Financial Corp.*, 623 F.2d 68 (9th Cir.1980).

The defendant is a creditor as defined by 15 U.S.C. § 1602(f). The plaintiff is a consumer as defined by 15 U.S.C. § 1602(h). The plaintiff argues that the TILA requires a creditor to give TILA disclosures to a consumer in a form the latter can keep prior to the consummation of a credit transaction. Because the defendant did not provide the plaintiff with a copy of the TILA disclosures in a form that he could keep prior to the consummation of the transaction, the plaintiff contends that the defendant failed to make disclosures required by Regulation Z. This Court cannot, however, endorse the plaintiff's interpretation of the statute.

■ 12 C.F.R. § 226.17(a) provides that "[t]he creditor shall make the disclosures required by this subpart clearly and conspicuously in writing, in a form that the consumer may keep...." 12 C.F.R. § 226.17(b) subsequently provides that "[t]he creditor shall make disclosures before the consummation of the transaction...." Instead of construing statutory phrases in isolation, statutes should, as the plaintiff contends, be read as a whole to effectuate legislative intent. *See United States v. Morton*, 467 U.S. 822, 828, 104 S.Ct. 2769, 81 L.Ed.2d 680 (1984); 2A

Sutherland Statutory Construction, 4th ed., § 46.05. This does not, however, mean that separate statutory subsections have to be read as one as long as their independent readings give a balanced, consistent, and sensible effect to all of the statute's parts. We assume that Congress made a deliberate choice when it separated the requirements of subsection (a) from those of subsection (b). There is no legislative history or judicial authority that would suggest the contrary.

■ Thus reading the two subsections consistently but independent of each other, this Court concludes that the TILA does not require that disclosures be given to a consumer in a form that he may keep before the consummation of a credit transaction. Instead, the TILA requires that the disclosures be made prior to consummation and *at some point* be given to the respective consumer in a form that he may keep. The plaintiff does not allege that the defendant failed to comply with such a requirement. Nor does the plaintiff present evidence to support a determination that the disclosures were ambiguous, incomplete, or inaccurate in violation of the TILA.

Because the plaintiff complied with the requirements of the TILA, the Court GRANTS the defendant's motion with respect to the TILA claim and DENIES the plaintiff's motion accordingly. Because the remaining claims involve issues of state law, some of which have yet to be decided by Virginia courts, this Court declines to retain supplemental jurisdiction. Accordingly, those claims are dismissed without prejudice.

The Clerk of the Court is directed to send a copy of this Memorandum Opinion and the attached Order to all parties and counsel of record.

## ORDER

The plaintiff, Chrisom Polk, brought this action against the defendant, Crown Auto, Inc., alleging violations of the Truth in

Lending Act as well as several state causes of action. The defendant filed a motion for summary judgment and the plaintiff filed an independent motion for partial summary judgment. Both parties have responded to the other's motion.

Because there is no genuine issue of material fact that would entitle the plaintiff to judgment, the Court GRANTS the defendant's motion with respect to the Truth in Lending Act claim and DENIES the plaintiff's motion accordingly. The remaining state law claims are dismissed without prejudice.

The Clerk of the Court is directed to strike this case from the docket and to send a copy of this Order and the accompanying Memorandum Opinion to all parties and counsel of record.