Filed: July 21, 2000

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

No. 99-2539
(CA-99-11-4)

Chrisom Polk,

Plaintiff - Appellant,

versus

Crown Auto, Incorporated,

Defendant - Appellee.

O R D E R

The court amends its opinion filed June 28, 2000, as follows:

On the cover sheet, section 1 -- the status is changed from "UNPUBLISHED" to "PUBLISHED."

On the cover sheet, section 6 -- the status line is corrected to read "Affirmed by published per curiam opinion."

On page 2, section 1 -- the reference to use of unpublished opinions as precedent is deleted.

For the Court - By Direction

/s/ Patricia S. Connor
Clerk

**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

CHRISOM POLK,
Plaintiff-Appellant,

v.                                                                     No. 99-2539

CROWN AUTO, INCORPORATED,
Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Virginia, at Danville.
Norman K. Moon, District Judge.
(CA-99-11-4)

Argued: June 9, 2000

Decided:  June 28, 2000

Before LUTTIG and KING, Circuit Judges, and
Richard L. WILLIAMS, Senior United States District Judge
for the Eastern District of Virginia, sitting by designation.

_____

Reversed and remanded by published per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Thomas Dean Domonoske, Chapel Hill, North Carolina,
for Appellant. James A.L. Daniel, DANIEL, VAUGHAN, MEDLEY
& SMITHERMAN, P.C., Danville, Virginia, for Appellee. **ON
BRIEF:** Elmer R. Woodard, III, Danville, Virginia, for Appellant.
Robert J. Smitherman, Elizabeth B. Carroll, DANIEL, VAUGHAN,
MEDLEY & SMITHERMAN, P.C., Danville, Virginia, for Appellee.

_____

_____

**OPINION**

PER CURIAM:

Chrisom Polk sued Crown Auto, Inc., for violating the Truth-in-Lending Act ("TILA") when it sold him a truck. The district court granted Crown Auto's motion for summary judgment. For the reasons that follow, we reverse.

I.

Polk purchased a truck from Crown Auto in February 1999. Prior to the consummation of the transaction to sell the truck, Crown Auto explained the credit terms to Polk, but did not disclose the terms to him in writing in a form he could take with him. Polk then entered into two Retail Installment Sales Contracts ("RISCs") with Crown Auto to purchase the truck. After both parties signed the RISCs, Polk was given copies of the RISCs, which included the terms of credit in writing.

After Crown Auto repossessed Polk's truck when he failed to make payments, Polk sued Crown Auto. He claimed that Crown Auto violated TILA by not properly disclosing the terms of credit to him before consummation of the sale. The district court granted summary judgment to Crown Auto. Polk appeals.

II.

TILA requires the seller to disclose the terms of credit to the buyer. Regulation Z specifies how the disclosure should be made:

> (a) Form of disclosures.
>
> (1) The creditor shall make the disclosures required by this subpart clearly and conspicuously in writing, in a form that the consumer may keep.

(b) Time of disclosures. The creditor shall make disclosures before consummation of the transaction.

12 C.F.R. § 226.17 ("Regulation Z"). Polk argues that Crown Auto violated Regulation Z when it failed to make the required disclosures to him in writing, in a form that he could keep, before consummation of the transaction.

The district court held that subpart (a) should be read independently of subpart (b), and that therefore Crown Auto could make disclosures in writing and in a form that Polk could keep <u>after</u> consummation, as long as it made disclosures in some form before consummation. Crown Auto concedes that it did not make disclosures to Polk in writing, in a form that he could keep, before consummation. Thus, the sole question in this appeal is whether a seller is required to make the required disclosures in writing and in a form the consumer can keep <u>before</u> consummation, or whether Regulation Z is satisfied as long as the disclosures are made in some form before consummation and the consumer later receives the disclosures in writing, in a form that he can keep.

It is possible to read the regulation as the district court did as requiring disclosure of all information prior to consummation of the transaction but not requiring that the written disclosure occur prior to the transaction. For instance, subpart (b) does not read "shall make <u>the</u> disclosures," but rather says only "shall make disclosures." Whereas, subpart (a) reads "shall make <u>the</u> disclosures required by this subpart." Therefore, one could argue that subpart (b) does not refer to the same disclosures as does subpart (a).

However, on balance, we believe that the plain meaning of the regulation must be understood to be that written disclosure in the <u>form</u> specified in subpart (a) must be provided to the consumer at the <u>time</u> specified in subpart (b). That is, Crown Auto was required to make the disclosures to Polk in writing, in a form that he could keep, before consummation of the transaction.

Not only are we satisfied that this is the plain meaning of the provision, but this interpretation comports with Congress' intent to require "meaningful disclosure of credit terms so that the consumer will be

3

able to compare more readily the various credit terms available to him." 15 U.S.C. § 1601(a). By having the terms of credit disclosed in a form that he can take with him, the creditor can more readily compare those terms to the terms offered by other sellers. Moreover, the language of the statute also supports this position. See 15 U.S.C. § 1638(b)(1) (stating "the disclosures required under subsection (a) shall be made before the credit is extended").

We, therefore, conclude that the district court erred in holding that Crown Auto met the requirements of Regulation Z. We reverse the district court's order granting summary judgment to Crown Auto, and remand the case for entry of judgment in favor of the plaintiff on liability and for a determination of appropriate relief.

REVERSED AND REMANDED