Filed: July 21, 2000

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

No. 99-2204
(CA-98-54-4)

Lee Polk,

Plaintiff - Appellant,

versus

Crown Auto, Incorporated,

Defendant - Appellee.

O R D E R

The court amends its opinion filed June 28, 2000, as follows:

On the cover sheet, section 1 -- the status is changed from "UNPUBLISHED" to "PUBLISHED."

On the cover sheet, section 6 -- the status line is corrected to read "Affirmed by published per curiam opinion."

On page 2, section 1 -- the reference to the use of unpublished opinions as precedent is deleted.

On page 2, third full paragraph, lines 12-13, and page 3, first full paragraph, line 4 -- "June 26, 2000" is corrected to read "June 28, 2000."

For the Court - By Direction

/s/ Patricia S. Connor
Clerk

**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

LEE POLK,
Plaintiff-Appellant,

v.

No. 99-2204

CROWN AUTO, INCORPORATED,
Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Virginia, at Danville.
Norman K. Moon, District Judge.
(CA-98-54-4)

Argued: June 9, 2000

Decided: June 28, 2000

Before LUTTIG and KING, Circuit Judges, and
Richard L. WILLIAMS, Senior United States District Judge
for the Eastern District of Virginia, sitting by designation.

_____

Affirmed by published per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Thomas Dean Domonoske, Chapel Hill, North Carolina,
for Appellant. James A.L. Daniel, DANIEL, VAUGHAN, MEDLEY
& SMITHERMAN, P.C., Danville, Virginia, for Appellee. **ON
BRIEF:** Elmer R. Woodard, Danville, Virginia, for Appellant. Robert
J. Smitherman, Elizabeth B. Carroll, DANIEL, VAUGHAN, MED-
LEY & SMITHERMAN, P.C., Danville, Virginia, for Appellee.

_____

_____

**OPINION**

PER CURIAM:

On February 9, 1998, Lee Polk purchased a truck from Crown Auto. On March 10, 1998, he voluntarily returned it. Polk sued Crown Auto for various violations of the Truth-in-Lending Act ("TILA") and of Virginia law arising out of the sale of the truck. Crown Auto filed a counterclaim for breach of contract. The district court granted summary judgment to Crown Auto on Polk's claims and judgment to Crown Auto on the breach of contract claim. Polk now appeals the summary judgment on his claims. For the reasons below, we affirm.

I.

Polk argues that Crown Auto violated TILA, Virginia usury law, and the Virginia Consumer Protection Act ("VCPA") when it sold the truck to him. We address each claim below.

A.

Polk argues that the district court erred when it rejected his claim that, under TILA, Crown Auto should have disclosed an $85.00 processing fee as a "finance charge." See 15 U.S.C. § 1638(a)(3) (requiring a seller to disclose "finance charges"). However, we conclude that the district court did not err in finding that Polk did not present evidence sufficient to refute Crown Auto's claim that the $85.00 processing fee was generally charged in "comparable cash transactions," see 15 U.S.C. § 1605(a) ("The finance charge does not include charges of a type payable in a comparable cash transaction."). Therefore, the $85.00 processing fee was not a "finance charge" under TILA, and Crown Auto was not required to disclose it as such. See Alston v. Crown Auto, Inc., No. 99-1944, at *4-*5 (4th Cir. June 28, 2000).

2

Polk also argues that Crown Auto violated TILA when it failed to make credit disclosures in writing, in a form that he could keep before consummation of the sale. See 12 C.F.R.§ 226.17; see also Chrisom Polk v. Crown Auto, Inc., No. 99-2539 (4th Cir. June 28, 2000). However, because this claim was not properly raised in the district court or properly appealed to this court, we will not review it.[1]

B.

Polk also argues that the district court erred when it granted summary judgment to Crown Auto on his claim that the loan for the truck was usurious. Polk claims that Crown Auto charged him undisclosed, and thus usurious, interest because it did not pay the $26.50 allotted for title and registration fees to the Department of Motor Vehicles. See also Alston v. Crown Auto, Inc., No. 99-1944, *5-*6 (4th Cir. 2000) (Alston claiming that an excessive late fee constituted undisclosed interest, thereby making the loan usurious under Virginia law). That is, according to Polk, Crown Auto was permitted to use the $26.50 only for title and registration fees, and when it did not, its retention of the money constituted additional undisclosed interest.

The district court held that the loan was not usurious because the $26.50 was properly disclosed in the contract, Crown Auto was no longer obligated to pay the title and registration fee after Polk returned the vehicle, and that Crown Auto merely needed to refund the $26.50. We agree.

Crown Auto did initiate the registration process, but because Polk returned the truck before Crown Auto was required by law to then register the truck in Polk's name, Crown Auto did not complete the registration process and did not pay the $26.50 to the Department of Motor Vehicles. Thus, it was only through Polk's action, returning the

_____

[1] Several claims Polk now raises on appeal were not raised in his original complaint. They were raised only in his amended complaint, after the district court had denied his motion to amend his original complaint. Polk appealed only the district court's order addressing the original complaint, and did not appeal the district court's order denying his motion to amend. Therefore, those claims raised only in Polk's amended complaint are not properly before this court.

3

truck, that Crown Auto stopped the registration process. Polk does not claim that the $26.50 fee was an improper charge at the time the contract was made, and the parties have stipulated that Crown Auto reduced the amount of its judgment award by $26.50 to reimburse Polk for the unused fee, see Appellant's Br. at 8. Therefore, we cannot conclude that the district court erred in holding that the $26.50 was not usurious undisclosed interest at the time the contract was made.[2]

C.

Polk argues that the district court also erred when it granted summary judgment to Crown Auto on his claim that Crown Auto violated the VCPA. Polk claims that Crown Auto violated section 59.1-200(13) of the VCPA when it charged him an unlawfully excessive ten-percent fee for late payments. See also Alston v. Crown Auto, Inc., No. 99-1944, *8-*10 (4th Cir. 2000) (discussing Alston's identical argument that an unlawful late fee violated Va. Code§ 59.1-200(13)). It is undisputed that Polk never made a late payment and therefore never paid the excessive ten-percent late fee that he argues constitutes the violation of the VCPA.

The district court rejected Polk's claim because Polk did not "suffer[ ] loss as the result of a violation" of the VCPA, as is required to initiate an action for damages. Va. Code § 59.1-204(A) ("Any person who suffers loss as the result of a violation of this chapter shall be entitled to initiate an action to recover actual damages . . . ."). We conclude that, because Polk alleges no loss as a result of the violation, the district court did not err when it granted summary judgment to Crown Auto on this claim.

Polk also argues that Crown Auto violated a separate provision of the VCPA when it failed to properly disclose to him that the vehicle was being sold "as is," without a warranty. See Va. Code § 46.2-

_____

**2** Because we conclude that the district court properly rejected Polk's usury claim, we also reject Polk's claim on appeal that the judgment to Crown Auto could not include usurious interest.

4

1529.1(B). However, we decline to review this claim because it was not properly raised in the district court or properly appealed to this court.[3]

For the reasons stated herein, we affirm the judgment of the district court.

<u>AFFIRMED</u>

_____

[3] Polk also argues that he had the right to cancel the sale under section 46.2-1529.1(C), but this claim was also not properly raised in the district court.

5