Rebecca WALTERS, Plaintiff,

v.

FIRST STATE BANK, Defendant.

No. CIV.A. 4:00CV00051.

United States District Court,
W.D. Virginia,
Danville Division.

March 14, 2001.

which totals $43,761.69.

---

37. Ms. Cornett is not entitled to prejudgment interest on the future cost of her medication,

Elmer Woodard, Danville, VA, for plaintiff.

Jerry L. Williams, Jr., Williams, Luck and Williams, Danville, VA, for defendant.

## MEMORANDUM OPINION

MOON, District Judge.

The plaintiff, Rebecca Walters, brought this action against the defendant, First State Bank (the "Bank"), as a result of a credit transaction that she entered into with the defendant in 1999. In her complaint, the plaintiff claims that the defendant violated the Truth in Lending Act. This matter is currently before the Court on the plaintiff's motion for partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons set forth in this memorandum opinion, the Court will grant the plaintiff's motion for partial summary judgment.

## I. FACTS

On August 30, 1999, Rebecca Walters borrowed money from First State Bank and provided the Bank with a security interest in two automobiles. In doing so, Ms. Walters and the Bank entered into a credit contract. The credit contract contained various disclosures required under the Truth in Lending Act, such as the annual percentage rate, finance charge, and amount financed. The credit contract also contained a section entitled "Itemization of Amount Financed," and, in a subsection entitled "Amounts Paid to Others on My Behalf," the Bank indicated that it was paying $13.66 to insurance companies. The Bank receives a commission of approximately thirty percent on premiums paid to the insurance company. According to an affidavit submitted by Ms. Walters, which has not been rebutted by the Bank, Ms. Walters did not receive a copy of the credit contract before she signed it. Instead, Ms. Walters states that she was given a copy of the credit contract only after she signed it.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment should only be granted if, viewing the record as a whole in the light most favorable to the non-moving party, no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *See* Fed. R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Terry's Floor Fashions, Inc. v. Burlington Indus., Inc.*, 763 F.2d 604, 610 (4th Cir.1985). In considering a motion for summary judgment, "the court is required to view the facts and draw reasonable inferences in a light most favorable to the non-moving party." *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir.1994) (citations omitted).

## III. DISCUSSION

█ The Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, as implemented by Regulation Z, 12 C.F.R. pt. 226, was designed by Congress as a tool "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him ... and to protect the consumer against inaccurate and unfair credit billing ... practices." 15 U.S.C. § 1601(a). To that end, the TILA mandates that creditors make specific disclosures when extending credit to consumers. *See* 15 U.S.C. § 1638(a); *Gilbert v. Wood Acceptance Co.*, 486 F.2d 627 (7th Cir.1973). These disclosures include the identity of the creditor, the amount financed, the finance charge, and the total number of payments. 15 U.S.C. § 1638(a). Because the TILA is to be broadly construed to provide protection for the consumer, any failure to disclose information as required by the TILA or Regulation Z results in a technical violation. *See Walker v. College Toyota, Inc.*, 399 F.Supp. 778 (W.D.Va.1974), *aff'd* 519 F.2d 447 (4th Cir. 1975); *Riggs v. Government Emp. Fin. Corp.*, 623 F.2d 68 (9th Cir.1980). The Bank is a creditor as defined by 15 U.S.C. § 1602(f), and Ms. Walters is a consumer as defined by 15 U.S.C. § 1602(h).

█ Regulation Z commands that TILA disclosures must be made "clearly and conspicuously in writing, in a form that the consumer may keep," and that the disclosures must be made "before consummation of the transaction." 12 C.F.R. § 226.17; *see also* 15 U.S.C. § 1638(b)(1) (stating that "disclosures ... shall be made before the credit is extended"). Consummation of a credit transaction occurs when the consumer becomes contractually obligated on a credit transaction. *See* 12 C.F.R. § 226.2(a)(13); *see also Compton v. Altavista Motors, Inc.*, 121 F.Supp.2d 932, 936

(W.D.Va.2000) (noting that the credit transaction between the buyer and seller of a used car was consummated once the buyer signed the credit contract); *Moore v. Flagstar Bank*, 6 F.Supp.2d 496, 500 n. 6 (E.D.Va.1997) (defining consummation as "the time that a consumer becomes contractually obligated on a credit transaction" and stating that the plaintiff's "mortgage loan was consummated ... when the loan papers were signed") (citing 12 C.F.R. § 226.2(a)(13)). In *Polk v. Crown Auto, Inc.*, 221 F.3d 691, 692 (4th Cir.2000), the Fourth Circuit made it clear that a creditor must provide the TILA disclosures in writing, in a form that the consumer may keep, before consummation of the credit transaction.

 In support of her motion for summary judgment, Ms. Walters submitted an affidavit stating that she was not given a copy of the credit contract, which contained the required TILA disclosures, before she signed it, but was given a copy only after she signed it. Thus, Ms. Walters has established the absence of any genuine issue of material fact as to the Bank's liability to her under the TILA, as construed by the Fourth Circuit in *Polk*. Thus, it becomes the Bank's burden to present evidence sufficient to show that there is a genuine issue of fact in this case. *See Pine Ridge Coal Co. v. Local 8377, United Mine Workers of Am.*, 187 F.3d 415, 421–22 (4th Cir.1999) (noting that "once the movant has established the absence of any genuine issue of material fact, the opposing party has an obligation to present some type of evidence to the court demonstrating the existence of an issue of fact"). This, the Bank fails to do. The Bank has submitted no evidence, by affidavit or otherwise, that contradicts Ms. Walters's sworn statement that she did not receive a copy of the credit contract until after she signed it. Instead, the Bank contends that Ms. Walters's evidence is insufficient to support summary judgment in her favor because she has provided no proof that the credit contract which she signed, and which she was shown prior to signing, was not a copy that she could keep.

 In essence, the Bank's position seems to be that the disclosure requirements set forth in *Polk* would be satisfied whenever a creditor shows the consumer the TILA disclosures on the written credit contract prior to signing, for the consumer could chose not to sign the credit contract and could chose instead to leave and take the contract with her. It is the opinion of this Court that such a reading of the TILA disclosure requirements would undermine the Fourth Circuit's decision in *Polk*. Surely, the requirement of Regulation Z, as interpreted in *Polk*, that the consumer be given written disclosures, in a form that she can keep, means more than that the consumer simply must be shown the disclosures on the original credit contract prior to signing it. Indeed, an argument virtually identical to the Bank's was rejected by the United States District Court for the Western District of Michigan in the post-*Polk* case of *Lozada v. Dale Baker Oldsmobile, Inc.*, 197 F.R.D. 321, 336–37 (W.D.Mich.2000).

In *Lozada*, a creditor contended that it complied with the requirements of Regulation Z "because it made the required disclosures to plaintiffs in writing before plaintiffs signed their contracts of sale by showing them the written disclosures." *See id.* at 337. The Court responded to the creditor's argument as follows:

> Were the court to accept the position of [the creditor] that the regulation required only that consumers be shown the disclosures before becoming contractually obligated, the phrase "in a form that the consumer may keep" would be rendered meaningless. In other words, if the regulation means no more than

that the disclosures be made to consumers *in writing*, no additional meaning would be conveyed by requiring the form be one the consumer could keep. *Id.* The *Lozada* Court concluded that Regulation Z requires "delivery of a *copy* of the required disclosures to a consumer before consummation of the transaction" and cited *Polk* in support of that proposition. *Id.* (emphasis added). Similarly, this Court rejects the Bank's argument and concludes that Ms. Walters has established an absence of any genuine issue of fact as to the Bank's liability under the TILA, as interpreted in *Polk.*

■ Because the Bank failed to comply with the TILA delivery requirements set forth in *Polk,* the plaintiff's motion for summary judgment as to the Bank's liability for her TILA claim will be granted. Having found that Ms. Walters is entitled to summary judgment on the *Polk* issue, the Court has no need to address the other theories of TILA liability that are set forth in her memoranda in support of her motion. The law is clear in this Circuit that, even though a particular transaction may violate the TILA in numerous ways, a plaintiff is only entitled to one recovery per credit transaction. *See* 15 U.S.C. § 1640(g) (stating that "multiple failure to disclose to any person any information required under this part ... shall entitle the person to a single recovery"); *Carney v. Worthmore Furniture, Inc.,* 561 F.2d 1100, 1103 (4th Cir.1977) (stating, after having affirmed the district court's grant of summary judgment on the plaintiff's first theory of TILA liability, that it was "unnecessary to address the [plaintiff's second theory of liability], as the Act authorizes but one recovery for a given credit transaction regardless of the number of infractions compounded in it"); *see also Jackson v. Columbus Dodge, Inc.,* 676 F.2d 120, 121 (Former 5th Cir.1982) ("A creditor can only be liable for a single recovery even though there are multiple truth-in-lending violations.").

## IV. CONCLUSION

For the reasons set forth in this memorandum opinion, the Court will grant the plaintiff's motion for summary judgment as to the defendant's liability under the TILA. As a result, the plaintiff is entitled to her actual damages, if any, and statutory damages in the amount of twice the finance charge, in addition to costs and a reasonable attorney's fee. *See* 15 U.S.C. § 1640(a). In the event that the parties cannot agree as to the amount of the costs, attorney's fee, and damages due the plaintiff, this Court retains jurisdiction to so determine.

The Clerk of the Court is hereby instructed to send a certified copy of this memorandum opinion and accompanying order to all counsel of record.

## ORDER

For the reasons set forth in the attached Memorandum Opinion, it is this day

## ADJUDGED AND ORDERED

that the plaintiff's motion for partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure as to the defendant's liability to her under the Truth in Lending Act shall be, and hereby is, GRANTED.

As a result, the plaintiff is entitled to her actual damages, if any, and statutory damages in the amount of twice the finance charge, in addition to costs and a reasonable attorney's fee. *See* 15 U.S.C. § 1640(a). In the event that the parties cannot agree as to the amount of the costs, attorney's fee, and damages due the plaintiff, this Court retains jurisdiction to so determine.

The Clerk of the Court is hereby directed to send a certified copy of this Order and the attached Memorandum Opinion to all counsel of record.