**Alma DIAZ, individually and on behalf of all others similarly situated, Plaintiff,**

**v.**

**JOE RIZZA FORD, INC., Defendant.**

**No. 00 C 7082.**

United States District Court, N.D. Illinois, Eastern Division.

Nov. 2, 2001.

Michael Jonathan Nachsin, Jonathan Nachsin, P.C., Chicago, IL, for plaintiff.

Hall Adams, III, Martin D. Snyder, Williams, Montgomery & John, Ltd., Chicago, IL, for defendant.

## MEMORANDUM OPINION AND ORDER

MORAN, Senior District Judge.

On July 26, 2001, we left for future decision one claim: that defendant did not give plaintiff timely disclosures required by the Truth In Lending Act (TILA) with respect to her purchases of vehicles in March 2000 and May 2000. We directed that the then motion to dismiss that claim be treated as a motion for summary judgment, in hopes that the facts could be made more specific. Plaintiff thereafter filed an affidavit stating that she did not get a copy of either retail installment contract "in a form that I could keep, before I signed the document. I only received a copy after I signed the document." But that does not disclose when she claims she

received the documents and under what circumstances. Plaintiff's counsel has advised that she cannot do better than that— she cannot recall if she received a copy immediately after signing or a day or so later.

At the court's suggestion, defendant then filed an affidavit. That discloses that defendant uses a three-copy form. The top form is filled out after the terms have been negotiated, and the customer, after an opportunity to review it, signs the top form—the imprint of her signature appearing also on the second and third pages. The top copy is then separated from the other two copies and given to the customer, generally immediately, but in all events before the customer leaves the premises.

Plaintiff contends that scenario violates TILA and Regulation Z, 12 C.F.R. § 226.17, because defendant failed to give her a copy of the required disclosures in a form she could keep before consummation of the transaction, and several cases lend support to that view. *See Polk v. Crown Auto, Inc.*, 221 F.3d 691 (4th Cir.2000); *Brugger v. Elmhurst Kia*, 2001 WL 845472 (N.D.Ill.2001); *Harris v. Castle Motor Sales, Inc.*, 2001 WL 477241 (N.D.Ill.); *Walters v. First State Bank*, 134 F.Supp.2d 778 (W.D.Va.2001); *Holley v. Gurnee Volkswagen and Oldsmobile, Inc.*, 2001 WL 243191 (N.D.Ill.2001); *Lozada v. Dale Baker Oldsmobile, Inc.*, 197 F.R.D. 321 (W.D.Mich.2000). We do not quarrel with that concept but we do not believe that it aptly describes what happened here.

TILA dictates that required disclosures be made before credit is extended. 15 U.S.C. § 1638(b). Here the form was completed, with all required disclosures, before plaintiff signed. But TILA is amplified by Regulation Z, which provides as follows:

(a) Form of disclosures.

(1) The creditor shall make the disclosures required by this subpart clearly and conspicuously in writing, in a form that the consumer may keep. . . .

(b) Time of disclosures. The creditor shall make disclosures before consummation of the transaction. . . .

Read independently, those provisions require that the disclosures be made before consummation of the transaction and that they be made in a form that the consumer may keep, but they do not necessarily require that the form be furnished to the customer before consummation of the transaction. The court so recognized in *Polk v. Crown Auto, Inc., supra*, but it concluded that the provisions must be read together, with the form being furnished prior to the consummation of the transaction, in order to implement the purpose of TILA. We agree, but not to the extent that we invalidate defendant's procedures here.

The enhancement of the ability to comparison-shop is one purpose of TILA, but not the only one. The overriding purpose is to promote the informed use of credit, and requiring substantially similar and full disclosures in a form that the consumer may keep enhances the ability to customshop, reduces the likelihood of uninformed use of credit, and protects the consumer from subsequent changes in the terms. 15 U.S.C. § 1601. Plaintiff here was informed, and was protected because she took away her copy. Further, there is nothing to suggest that she could have not taken away all three copies or the top copy, or notes of the terms, without executing them, if she had so desired. And, she was in physical possession of all three copies when she signed. Presumably plaintiff would agree that defendant was in compliance with Regulation Z if it had removed the top copy at its perforations and handed it to her before she signed. But in any event, it was "her" copy, and

we fail to see any meaningful distinction between separation of the copies before or after she signed. Accordingly, we grant summary judgment for the defendant.