*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2003 FED App. 0391P (6th Cir.)
File Name: 03a0391p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

WANDA BAKER and SCOTT
ZALEWSKI, on behalf of
themselves and all others
similarly situated,
　　　*Plaintiffs-Appellants,*

　　　　*v.*

SUNNY CHEVROLET, INC., a
Michigan corporation d/b/a
WAYLAND CHEVROLET,
　　　*Defendant-Appellee.*

No. 02-1381

———————————

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
No. 01-00109—Robert Holmes Bell, Chief District Judge.

Argued: September 11, 2003

Decided and Filed: November 4, 2003

Before: KENNEDY, GUY, and DAUGHTREY, Circuit
Judges.

———————————

## COUNSEL

**ARGUED:** John E. Anding, DREW, COOPER & ANDING,
Grand Rapids, Michigan, for Appellants. Daniel S. Saylor,
GARAN, LUCOW, MILLER, PC, Detroit, Michigan, for
Appellee. **ON BRIEF:** John E. Anding, DREW, COOPER
& ANDING, Grand Rapids, Michigan, Phillip C. Rogers,
Grand Rapids, Michigan, for Appellants. Daniel S. Saylor,
GARAN, LUCOW, MILLER, PC, Detroit, Michigan,
Michael D. Wade, GARAN, LUCOW, MILLER, PC, Grand
Rapids, Michigan, for Appellee.

　KENNEDY, J., delivered the opinion of the court. GUY,
J. (pp. 17-21), delivered a separate concurring opinion, in
which DAUGHTREY, J., joined.

———————————

## OPINION

———————————

　KENNEDY, Circuit Judge. This case presents an appeal
from the district court's order granting summary judgment in
favor of Defendant-Appellee Sunny Chevrolet. Plaintiffs-
Appellants Baker and Zalewski argue that the district court
erred when it determined that even if Defendant had violated
15 U.S.C. § 1638(b)(1), Defendant was not liable for statutory
damages. We **AFFIRM**.

### BACKGROUND

　On December 28, 2000, Plaintiff Baker signed a retail
installment sales contract ("RISC") to purchase a car and
took possession of the vehicle on that date. Although she
asked for a copy of the contract, Defendant refused the
request. On January 11, 2001, citing inability to obtain

financing under the RISC,[1] Defendant requested that Plaintiffs return to the dealership to re-execute the deal adding the latter as a buyer. At the dealership, Defendant informed Plaintiffs that they would each have to sign a second contract. Once again, despite being asked for a copy of the signed contract, Defendant refused to provide Plaintiffs with a copy of either contract. Plaintiffs finally received a copy of the second contract approximately three weeks later, around January 29, 2001. Plaintiff Baker never received a copy of the first contract that she signed. It is undisputed that Plaintiffs were given the actual RISC document for review prior to signing it and that the actual RISC accurately disclosed all of the transactions' credit terms.

Plaintiffs filed a class action lawsuit for violations of Truth in Landing Act ("TILA") and the underlying Regulation Z, alleging that Defendant repeatedly failed to give the consumer "a copy of the contract [in connection with the purchase and finance of a motor vehicle] to keep prior to consummation of the transaction." First Am. Class Action Compl. J.A. at 9. Plaintiffs, however, do not allege any actual damages, nor do they claim that any of the disclosures that were made before they signed the RISC were inaccurate. Plaintiffs sued only for statutory damages under 15 U.S.C. § 1640. The district court, per order dated February 6, 2002, denied the motion for class certification because the Plaintiffs were not typical of their proposed class and because the class definition was inadequate. The district court also, per order dated March 8, 2002, granted Defendant's motion for summary judgment and dismissed Plaintiffs' complaint in its entirety on the basis that Defendant's refusal to provide the copies of the disclosures, while "seemingly inappropriate," could not give rise to TILA statutory damages. Plaintiffs appealed both orders to this

---

[1]In a typical RISC transaction, a dealer sells a vehicle to a customer promising a certain type of financing which it hopes to obtain from a third party. Problems arise, however, if the dealer is unable to obtain the expected financing.

Court. Both sides, however, only briefed the issue of statutory damages. Plaintiffs asked for reconsideration of the class certification ruling pending a reversal of the statutory damages ruling.

## STANDARD OF REVIEW

We review a district court's grant of summary judgment *de novo. Terry Barr Sales Agency, Inc. v. All-Lock Co.*, 96 F.3d 174, 178 (6th Cir. 1996). In deciding a summary judgment motion, this court cannot weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter asserted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). We must, however, view the evidence and draw all "justifiable inferences" in the light most favorable to the non-movant. *Id.* Summary judgment is appropriate where "there is no genuine issue as to any material fact and...the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment..." *Anderson*, 477 U.S. at 247-48 (emphasis in original). Mixed questions of law and fact are reviewed *de novo. Williams v. Mehra*, 186 F.3d 685, 689 (6th Cir. 1999) (*en banc*).

## ANALYSIS

Congress enacted TILA in 1968 with the broad purpose of promoting the informed use of credit by assuring meaningful disclosure of credit terms to consumers. *See generally,* 15 U.S.C. § 1601(a); *Ford Motor Credit Co. v. Milhollin*, 444 U.S. 555, 559 (1980); *Begala v. Ohio Nat'l Ass'n*, 163 F.3d 948, 950 (6th Cir. 1999). This Court has held that the statute must be considered liberally in the consumer's favor. *Jones v. TransOhio Sav. Ass'n*, 747 F.2d 1037, 1040 (6th Cir. 1984). The sections of TILA principally involved here are 15

U.S.C. §§ 1638(a)[2] and 1638(b),[3] which required creditors to make specific disclosures, and 15 U.S.C. § 1640(a),[4] which provides consumers with a cause of action for certain violations of the act.  Also of relevance on this appeal is Regulation Z, 12 C.F.R. § 226.1, *et seq.*, a regulation promulgated by the Federal Reserve Board to implement

---

[2]15 U.S.C. § 1638(a) contains substantive requirements of the creditor's disclosures.

[3]15 U.S.C. § 1638(b) contains the form and timing of the §1638(a) disclosures.

[4]The section provides:
Except as otherwise provided in this section, any creditor who fails to comply with any requirement imposed under this part...with respect to any person is liable to such person in an amount equal to the sum of–
    (1) any actual damage sustained by such person as a result of the failure;
    (2)(A)(I) in the case of an individual action twice the amount of any finance charge in connection with the transaction...(B) in the case of a class action, such amount as the court may allow, except that as to each member of the class no minimum recovery shall be applicable, and the total recovery under this subparagraph in any class action or series of class actions arising out of the same failure to comply by the same creditor shall not be more than the lesser of $500,000 or 1 per centum of the net worth of the creditor...
In connection with the disclosures referred to in section 1638 of this title, a creditor shall have a liability determined under paragraph (2) only for failing to comply with the requirements of section 1635 of this title or of paragraph (2) (insofar as it requires a disclosure of the "amount financed"), (3), (4), (5), (6), or (9) of section 1638(a) of this title...
15 U.S.C. § 1640(a).

---

TILA.  Regulation Z prescribes the form in which a creditor must disclose the items pursuant to 15 U.S.C. § 1638.[5]

The district court assumed, without so holding, that Defendant violated § 1638(b)(1).[6]  It then held that statutory damages were not available for this violation. *Baker v. Sunny Chevrolet, Inc.*, No. 1:01-CV-109, slip op. at 3, 5-6 (W.D. Mich. March 8, 2002).  The District Court further held that failure to provide Plaintiffs with a copy of their contracts at signing did not entitle Plaintiffs to statutory damages for violations of 15 U.S.C. §§ 1638(a)(3)-(a)(6), 1638(a)(9).[7]

## 1.   Plaintiffs are not entitled to Statutory Damages for Violations of 15 U.S.C. § 1638(b)(1)

Plaintiffs argue that Defendant violated the form and timing requirements of § 1638(b)(1) of TILA, and the related

---

[5]Regulation Z provides, in relevant part, that "[t]he creditor shall make the disclosures required by this subpart clearly and conspicuously in writing, in a form that the consumer may keep."  12 C.F.R. § 226.17(a)(1).  It further provides that creditors are required to make the mandated disclosures "before consummation of the transaction."  12 C.F.R. § 226.17(b).

[6]The section provides:
Except as otherwise provided in this part, the disclosures required under subsection (a) of this section shall be made before the credit is extended.  Except for disclosures required under subsection (a)(1) of this section, all disclosures required under subsection (a) of this section...shall be conspicuously segregated from all other terms, data, or information provided in connection with a transaction, including any computations or itemization.
15 U.S.C. § 1638( b)(1).

[7]These section require disclosure of the finance charge, 15 U.S.C. § 1638(a)(3), the annual percentage rate, 15 U.S.C. § 1638(a)(4), the total of payments, 15 U.S.C. § 1638(a)(5), the timing and amount of periodic payments, 15 U.S.C. § 1638(a)(6), and the existence of a security interest, 15 U.S.C. § 1638(a)(9).  Plaintiffs claimed that failure to provide them with a copy of these disclosures constituted a complete failure to disclose.

provisions of Regulation Z.   Regulation Z provides, in relevant part, that "[t]he creditor shall make the disclosures required by this subpart clearly and conspicuously in writing, in a form that the consumer may keep."   12 C.F.R. § 226.17(a)(1). Defendant first argues that this Court should assume without deciding, as did the District Court, that a violation of § 1638(b)(1) occurred.  Defendant then argues that statutory damages are not recoverable for violations of § 1638(b)(1) because consumers aggrieved by disclosure violations of § 1638 may seek statutory damages only in those case involving violations of §§ 1638(a)(2)(some), (3)-(6), (9).

As noted above, the district court assumed for the purposes of the summary judgment motion that a violation of § 1638(b)(1) took place.  Plaintiffs urge us to go beyond the district court's opinion and find that a violation did actually occur.  This Court will typically refrain from considering issues not passed upon by the lower courts.  *See, e.g., Blue Cross & Blue Shield Mut. of Ohio v. Blue Cross and Blue Shield Ass'n*, 110 F.3d 318, 335 (6th Cir. 1997).  This restraint, however, is simply a matter of discretion, as the Courts of Appeals remain free to resolve such issues if the "proper resolution is beyond doubt" or "'where injustice might otherwise result.'"  *Id.* (citing *Singleton v. Wulff*, 428 U.S. 106, 121 (1976).  Defendant relies on the district court's discussion in its opinion denying class certification to argue that proper resolution is not beyond doubt.  *Baker v. Sunny Chevrolet*, No. 1:01-CV-109, slip op. at 5 (W.D. Mich. Feb. 6, 2002) ("Because the facts have not been fully developed, the Court cannot determine whether a violation has occurred.")  Plaintiffs do not address this argument in the appellate brief.  We decline to resolve the factual question of whether a violation occurred and instead assume, as did the district court, that a violation did occur.

The district court, relying heavily on a Seventh Circuit decision, found that statutory damages are not available for a violation of § 1638(b).  The Seventh Circuit found that:

Statutory damages are available, this final sentence says, "*only* for failing to comply with the requirements of section 1635 of this title or of paragraph (2) (insofar as it requires a disclosure of the 'amount financed'), (3), (4), (5), (6), or (9) of section 1638(a) of this title, or for" other situations not presented by these cases. "Only," the word we have italicized is conclusive against plaintiffs, for it confines statutory damages to a closed list.  Failure to emphasize the typeface of "finance charge" and "annual percentage rate" violates § 1632(a); omission of descriptive explanations violates § 1638(a)(8); appearance of extra matter in the federal box violates § 1638(b)(1).  None of these subsections is on the list of violations eligible for statutory damages.

*Baker v. Sunny Chevrolet Inc.*, No. 1:01-CV-109, slip op. at 4 (quoting *Brown*, 202 F.3d, 987, 991 (7th Cir. 2000)). The District Court also noted that a number of district courts outside the Seventh Circuit have followed the *Brown* decision.  *Id.* at 4-5.

Plaintiffs, relying almost exclusively on *Lozada v. Dale Baker Oldsmobile, Inc.,* 145 F. Supp.2d 878 (W.D. Mich. 2000), argue that the Seventh Circuit and the district court misread § 1640(a) to reach their respective holdings.  The *Lozada* opinion makes a very intricate argument that the § 1640(a) discussion of statutory damages simply does not apply *at all* to §1638(b)(1) claims.  In other words, the limitation on the availability of statutory damages in §1638 violations applies only to "disclosures" in section § 1638 and § 1638(b)(1) is not a "disclosure" but is merely a "form and timing of disclosure" requirement.  *Lozada*, 145 F. Supp. at 888 (noting that "[s]uch a reading is consistent with the other types of violations described by the enumeration.'"). *See also Daenzer v. Wayland Ford, Inc.*, 193 F. Supp.2d 1030, 1036-37 (W.D. Mich. Mar. 15, 2002) (discussing both *Brown* and *Lozada* and adopting the reading in *Lozada*).  *But see Kilbourn v. Candy Ford-Mercury*, 209 F.R.D. 121, 126-27 (W.D. Mich. Mar. 11, 2002) (discussing both *Brown* and

*Lozada* and adopting the reading in *Brown*). According to this position, § 1638(b) is not mentioned in the discussion of limitation on damages and thus a full array of damages is available for its violation. The problem with this interpretation, however, is that, standing alone, the "form and timing" requirement has no substance, it only makes sense if it is combined with substantive disclosures of § 1638(a). For example, § 1640(a) applies to disclosures referred to in subsections (a) and (b) of section 1637. Each subsection of § 1637 contains its own "timing" requirement.[8] It would therefore seem that untimely disclosure of items in § 1637(a) and (b) would be subject to § 1640(a) statutory damages. 15 U.S.C. § 1640(a). We therefore reject this reading of the statute.

Plaintiffs, relying once again on *Lozada*, make a following second argument in the alternative:

> However, if a failure to deliver disclosures under § 1638(b) is considered a "disclosure [] referred to in section 1638" within the meaning § 1640, then the failure to deliver disclosures in the manner provided by § 1638(b)(1) must be considered failure to disclose the required terms under § 1638(a). The requirements of § 1638(b)(1) may not be considered 'disclosures' for purposes of §1640 and yet not part of the disclosure requirements of §1638(a). Moreover, no basis exists for considering a disclosure made if it is not made in accordance with the requirements of § 1638(b)(1). Since § 1638(b)(1) expressly provides the form and time in

---

[8] *See, e.g.,* 15 U.S.C. § 1637(a) ("*Before opening any account* under an open end consumer credit plan, the creditor shall disclose to the person to whom credit is extended each of the following items...") (emphasis added); 15 U.S.C. § 1637(b) ("The creditor of any account under an open end consumer credit plan shall transmit to the obligor, *for each billing cycle at the end of which there is an outstanding balance in that account...*, a statement setting forth each of the following items to the extent applicable.") (emphasis added).

which disclosures under § 1638(a) must be made, § 1638(a) disclosures may not be said to be made unless and until they are made in compliance with § 1638(b)(1). Section 1638(b), by saying when and how a disclosure is made, becomes part of the definition of what constitutes a 'disclosure' under TILA.

*Lozada*, 145 F. Supp.2d at 889.

Defendant, relying on *Brown*, argues that such a reading of TILA creates a back door theory that the alleged failure to make timely written disclosures is not a disclosure at all. Defendant's reliance on *Brown*, however is misplaced. In *Brown*, the defendant provided the plaintiff with a timely written disclosure. The problem in *Brown* was that there were two minor errors in the actual disclosure which resulted in violations of § 1638(a)(8) and § 1632(a), neither of which is an enumerated violation contained in § 1640(a). *Brown*, 202 F.3d at 990. The *Brown* court then rejected a back door theory that "information has been 'disclosed' in compliance with § 1638 only if all of the TILA and all of Regulation Z have been followed." *Id.* at 991. The *Brown* court went on to explain that

> Accepting this argument would destroy the point of § 1640(a). What sense would it make to omit § 1632, § 1638(a)(1), (a)(2) (in part), (a)(7), (a)(8), (a)(10), (a)(11), (a)(12), and all of § 1638(b), (c), and (d) from the candidates for statutory damages if they came in through the back door on the theory *that all formal shortcomings infect the disclosures of the items that are on the list.*

*Brown*, 202 F.3d at 991 (emphasis added). On the facts before it, the *Brown* court properly rejected the back door theory. The facts of this case are clearly distinguishable, however, since Plaintiffs did not timely receive a copy of the RISC. Plaintiffs therefore allege that § 1638(a)(2), (3), (4), (5), (6),(9) were violated because disclosures required under those subsections were not properly made.

Defendant's reliance on two other cases to argue against Plaintiffs' position is likewise misplaced. In *Collins v. Ray Skillman Olds-GMC Truck, Inc.*, 2001 WL 1711466 (S.D. Ind. Dec. 3, 2001), the court rejected an argument similar to the one advanced here by Plaintiffs.[9] However, the *Collins* court read *Brown* to reject the argument that "the alleged failure to make timely written disclosures was not a disclosure at all." *Collins*, 2001 WL 1711466, at *3. As explained above, we believe that this is a misreading of *Brown*. In the second case, *Graham v. RRR, LLC*, 202 F. Supp. 2d 483, 485, 489 (E.D. Va. May 15, 2002), the court also rejected a similar argument advanced by a plaintiff who was allegedly asked to sign a blank retail installment sale contract.[10] There are several problems with relying on *Graham*. First, there was a factual dispute about whether the plaintiff signed a blank RISC. *Id.* at 489 n. 3. Second, the court actually dismissed the entire argument as "untimely raised." *Id.* at 489. After dismissing the case, the court engaged in a completely unnecessary dicta about the merits of the plaintiff's argument with a single reference to § 1638(a) and without any discussion of other courts' decisions. We therefore find its holding entirely unpersuasive.

As the foregoing discussion illustrates, we are therefore left with two readings of the statute, both of which find support in the relevant caselaw and neither of which appears to be clearly correct on its face. The two arguments can best be summarized as follows.

---

[9] The only difference in facts was that the plaintiff in *Collins* never asked for a copy of the RISC, whereas Plaintiffs in this case did. The difference, in our opinion, however, is insignificant.

[10] Apparently, there were two RISCs involved here. First one had a 12.5% interest rate and the plaintiff was provided with a copy of it. Second one was supposed to be filled out if the defendant obtained a lower interest rate. There was a factual dispute as to whether the plaintiff signed a blank RISC.

First, § 1638(b) form and timing disclosures should be read to apply to each subsection of § 1638(a) individually (i.e. § 1638(a)(3) is violated whenever a disclosure is not made prior to consummation of the sale and whenever it is not made in writing in a form that a consumer may keep). It should not be read as an independent disclosure violation. This interpretation is supported by the language and structure of Regulation Z. 12 C.F.R. § 226.17, which is the first section under "Subpart C–Closed-End Credit," provides that "[t]he creditor shall make the *disclosures required by this subpart* clearly and conspicuously in writing, in a form that the consumer may keep." 12 C.F.R. § 226.17(a)(1) (emphasis added). Section 1638, titled "Transactions other than under an open end credit plan," is a section dealing with "closed-end credit" transactions, such as the one in this case. 12 C.F.R. § 226.2(a)(10) (defining "closed-end credit"). Requirements of § 1638(a) are explained in 12 C.F.R. § 226.18, which appears within the same Subpart C as does the general disclosure requirements of § 12 C.F.R. 226.17(a) and (b). The regulation therefore appears to demand that every "closed-end credit" disclosure be provided in this manner. *See, e.g., Polk v. Crown Auto, Inc.*, 221 F.3d 691, 692 (4th Cir. 2000) (per curiam) ("However, on balance we believe that the plain meaning of the regulation must be understood to be that written disclosure in the *form* specified in subpart (a) must be provided to the consumer at the *time* specified in subpart (b). That is, Crown Auto was required to make the disclosures to Polk in writing, in the form that he could keep, before consummation of the transaction.") (emphasis in the original). Finally, § 1368(b)(1) does not contain a "writing in a form the consumer may keep" requirement. There is, thus, no reason to conclude that the violation of 12 C.F.R. § 226.17 is a § 1368(b) violation and not a § 1368(a) violation.

Second, § 1638(b) is a separate requirement that relates only tangentially to the underlying substantive disclosure requirements of § 1638(a). Under this theory, a § 1638(b) violation is not one of the enumerated violations that warrant a statutory damages award. This theory thus creates two

types of violations: (a) complete non-disclosure of enumerated items in § 1368(a), which is punishable by statutory damages; and (b) disclosure of the enumerated items in § 1368(a) but NOT in the manner required by the Regulation and § 1368(b)(1), which is not subject to the statutory damages. This theory still recognizes that the proper manner of making § 1638(a) disclosures is in writing, in the form that the consumer may keep. It also, however, recognizes that in a situation like the case at bar, where Plaintiffs were clearly not prejudiced by the untimely delivery of the RISC,[11] the failure to deliver the written disclosures in the form that the consumer may keep is actionable only if the consumer can show actual damages.

We now expressly adopt this second interpretation because it is the only way to reconcile the imposition of damages under § 1640(a) with the excuse of certain violations under §1640(b).[12]

---

[11] At oral argument, Plaintiffs' counsel conceded that Plaintiffs were not going to shop the Defendant's offer around but instead intended to complete the purchase.

[12] As explained below, § 1640(b) provides that the violations that are corrected within 60 days by the lender are not subject to statutory damages, assuming certain conditions are met. 15 U.S.C. § 1640(b). This provision leads us to conclude that Congress was more concerned with the accuracy of the disclosures (by imposing both actual and statutory damages) then with the timing of the disclosures (by imposing only actual damages). Were we to read these two subsections in the manner urged by Plaintiffs, we would have to assume that Congress simultaneously thought that the timing of the disclosures was (1) important enough to warrant statutory damages under § 1640(a) and (2) unimportant enough to excuse a delay in performance by as much as sixty days in the absence of actual damages under § 1640(b). Such a contradictory reading goes against the basic canons of statutory construction. *See, e.g., U.S. v. Branson*, 21 F.3d 113, 116 (6th Cir. 1994) (noting that statutes should not be read in a manner that renders them meaningless, that they must be read as a whole and construed to give each word operative effect, and that they should be interpreted to avoid untenable distinctions and unreasonable results whenever possible) (citations omitted).

**2.    Section 1640(b) forecloses Plaintiffs' recover of any damages in this case.**

The problem of resolving this complicated question of statutory construction is aided by the provisions in § 1640(b). Neither party briefed this issue on this appeal or before the district court. Nevertheless, our independent review of the statute leads us to the conclusion that the plain meaning of 15 U.S.C. § 1640(b) bars any recovery for Plaintiffs. *In re Allied Supermarkets, Inc.*, 951 F.2d 718, 725-26 (6th Cir. 1991) (recognizing that although in general appellate courts do not review questions raised for the first time on appeal, it is appropriate to do so when the question is a legal one). *See also Washington Gas Light Co. v. Virginia Elec. & Power Co.*, 438 F.2d 248, 250 (4th Cir. 1971) ("if deemed necessary to reach the correct result, an appellate court may sua sponte consider points not presented to the district court and not even raised on appeal by either party.") (citing *U.S. v. Continental Can Co.*, 378 U.S. 441, 457, 470 (1964)).

Section 1640 is a general "civil liability" section in the TILA. In subsection (a) it provides for either actual and/or statutory damages for various TILA violations. Subsections (b) and (c) provide for (1) correction of errors, 15 U.S.C. § 1640(b), and (2) the treatment of unintentional violations and bona fide errors, 15 U.S.C. § 1640(c). More specifically, section 1640(b) provides:

A creditor...has no liability under this section ...for any failure to comply with any requirement imposed under this part..., if within sixty days after discovering an error, ...and prior to the institution of an action under this section or the receipt of written notice of the error from the obligor, the creditor...notifies the person concerned of the error and makes whatever adjustments in the appropriate account are necessary to assure that the person will not be required to pay an amount in excess of the charge actually disclosed, or the dollar equivalent of

the annual percentage rate actually disclosed, whichever is lower.

15 U.S.C. § 1640(b).  The applicability of this section is a matter of first impression in this Circuit and there appears to be very sparse discussion of it in the general caselaw.  The Third Circuit has considered the argument that § 1640(b) applies solely to mathematical, not informational errors, such as failure to provide disclosures.  *Thomka v. A.Z. Chevrolet, Inc.*, 619 F.2d 246, 251-52 (3rd Cir. 1980).  The court went on to explain that

> Notice in a case such as this would be ineffectual, since there are no lower mathematical figures on which the remedial cost would be calculated.  It is therefore possible that providing exemption under Section 1640(b) in case like this would provide an incentive for lenders to delay sending disclosure forms until after the agreement is reached.

*Id.* at 252.  The Third Circuit, however, expressly chose not to resolve this question because the facts of its case indicated that the defendant never actually notified the plaintiff that there was a disclosure error.  *Id.  See also Molenbeek v. West Auto Michigan Auto & Truck Outlet, Inc.*, 2001 WL 1602654, at *4 (W.D. Mich. 2001) (expressing doubt that 1640(b) applies to non-written, non-calculation errors but nevertheless concluding simply that the defense does not apply because the defendant did not notify the plaintiff as the statute requires).  In making its observations, the Third Circuit relied heavily on the legislative history as summarized in *Ratner v. Chemical Bank*, 329 F. Supp. 270, 281-82 and n. 17 (S.D.N.Y. 1971) (deciding the case dealing with a § 1640(c) defense only).  *Thomka* and *Ratner* courts observed that "[t]he original draft of the Act permitted no errors, but in response to fears that simple clerical mistakes in mathematical calculations of the lease financial charge and annual percentage rate would create unavoidable liability...the affirmative defenses of Section 1640(c), as well as Section 1640(b) were added."  *Thomka*,

619 F.2d at 250-51.  *See also Ratner*, 329 F. Supp. at 280-81 and n. 17.  The problem with this interpretation of the legislative history of § 1640(b) is that §1640(c) explicitly deals with "clerical, calculation, computer malfunction and programming, and printing errors."  15 U.S.C. § 1640(c).  Therefore the Third Circuit's and the Southern District of New York's reading of the legislative history would render § 1640(b) meaningless.  *See, e.g., TRW, Inc. v. Andrews*, 122 S.Ct. 441, 449 (2001) ("it is a cardinal principle of statutory construction that the statute ought, upon the whole, be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void or insignificant.") (citations omitted); *Bronson*, 21 F.3d 116.  Furthermore, this reading is contradictory to the plain meaning of § 1640(b) since that subsection appears to give creditors a sixty-day window to correct any errors made as long as certain requirements are made.  Although, as the Third Circuit noted, this may not make great policy, Congress clearly illustrated its ability to limit the types of errors covered when it enacted § 1640(c).  We must respect its decision.

In this case, Defendant provided Plaintiffs with the copy of the RISC two weeks after the signing date, which was clearly within 60 days.  Furthermore, there is no evidence in the record that Defendant received any written notice from Plaintiffs prior to the mailing of the RISC.  Finally, Plaintiffs will not be required to pay an amount in excess of the charge actually disclosed since she was provided with a copy of the very document she signed.

## CONCLUSION

In sum, we conclude that Defendant's failure to timely provide Plaintiffs with a copy of RISC does not entitle Plaintiffs to any statutory damages on the alternative grounds (1) that § 1638(b)(1) violation is not subject to statutory damages and (2) that Defendant complied with § 1640(b) provisions for the correction of errors.

---

### CONCURRENCE

---

RALPH B. GUY, JR., Circuit Judge, concurring. I concur in the result and write separately to further clarify the reasons for affirming the decision to grant summary judgment to Sunny Chevrolet in this action for statutory damages under the Truth In Lending Act (TILA), 15 U.S.C. § 1640(a)(2). Like the district judge, I would assume, *arguendo*, a violation of the form and timing requirements of 15 U.S.C. § 1638(b), and its implementing regulation, Regulation Z, 12 C.F.R. § 226.17, both because resolution of the issue is unnecessary to this appeal and because the Federal Reserve Board has revised its Official Commentary to Regulation Z in an attempt to clarify the issue. *See* 12 C.F.R. Part 226, Supp. I, p. 434 (2003) ("*17(b) Time of Disclosures*"). I also agree that statutory damages are not available under § 1640(a)(2) for the violations alleged in this case for the reasons discussed below. I would not, however, reach the novel question of whether defendant could rely on § 1640(b) to escape damages for failure to comply with TILA's form and timing requirements because the issue was not developed either in the district court or on appeal.

The TILA was enacted with the "broad purpose of promoting 'the informed use of credit' by assuring 'meaningful disclosure of credit terms' to consumers." *Ford Motor Credit Co. v. Milhollin*, 444 U.S. 555, 559 (1980) (quoting 15 U.S.C. § 1601); *see also Begala v. PNC Bank, Ohio Nat'l Ass'n*, 163 F.3d 948, 950 (6th Cir. 1998). When called upon to interpret a statute, we must review "'the particular statutory language at issue, as well as the language and design of the statute as a whole.'" *Walker v. Bain*, 257 F.3d 660, 666-67 (6th Cir. 2001) (citation omitted), *cert. denied*, 535 U.S. 1095 (2002). We may not rely on the literal language when it would "lead to absurd results or an

interpretation which is inconsistent with the intent of Congress." *Id*. at 667.

TILA governs disclosures required for "closed ended" transactions (like automobile loans), dictating the substantive disclosures that must be made in 15 U.S.C. § 1638(a), the applicable form and timing requirements in 15 U.S.C. § 1638(b)(1), and the damages available for violations of those provisions in 15 U.S.C. § 1640(a).[1] The critical portions of § 1640(a) state as follows:

**Except as otherwise provided in this section**, any creditor who fails to comply with any requirement imposed under this part, including any requirement under section 1635 of this title, or part D or E of this subchapter with respect to any person is liable to such person in an amount equal to the sum of–

(1) any actual damage sustained by such person as a result of the failure;

(2)(A) (i) in the case of an individual action twice the amount of any finance charge in connection with the transaction [in statutory damages], . . . .

. . . .

---

[1]Disclosures required for "closed ended" credit transactions include: (1) the identity of the creditor; (2) the "amount financed"; (3) the "finance charge"; (4) the "annual percentage rate"; (5) the "total payments"; (6) the number, amount, and due dates or period of payments; (7) the total sale price; (8) descriptive explanations of specified terms; and (9) where credit is secured, a statement that the security interest has been taken. 15 U.S.C. § 1638(a)(1)-(9). Further disclosures are required in certain circumstances by § 1638(a)(10)-(14). In addition to these "substantive" disclosures, the form and timing requirements of § 1638(b)(1) state that the disclosures "shall be made before the credit is extended."

. . . **In connection with the disclosures referred to in section 1638 of this title, a creditor shall have a liability determined under paragraph (2) only for failing to comply with the requirements of . . . paragraph (2) . . . , (3), (4), (5), (6), or (9) of section 1638(a) of this title**, or for failing to comply with disclosure requirements under State law for any term which the Board has determined to be substantially the same in meaning under section 1610(a)(2) of this title as any of the terms referred to in any of those paragraphs of section 1638(a) of this title.

*Id.* (emphasis added).

The majority of decisions addressing the issue presented in this case have adopted the interpretation articulated by the Seventh Circuit in *Brown v. Payday Check Advance, Inc.*, 202 F.3d 987 (7th Cir.), *cert. denied*, 531 U.S. 820 (2000), which reasons that the use of the term "only" in the final sentence confines statutory damages for any violations of § 1638 (including violations of § 1638(b)(1)), to the closed list of enumerated subsections.[2]  Plaintiffs urge this court to reject *Brown* and adopt a contrary interpretation articulated in *Lozada v. Dale Baker Oldsmobile, Inc.*, 145 F. Supp.2d 878 (W.D. Mich. 2001). *See also Daenzer v. Wayland Ford, Inc.*, 193 F. Supp.2d 1030, 1036-37 (W.D. Mich. 2002).

The district court in *Lozada* reasoned that the first sentence of § 1640(a) represented a broad statement that statutory damages are available for violations of "any requirement imposed" by TILA, "[e]xcept as otherwise provided." 145 F. Supp.2d at 886 (quoting § 1640(a)). As for the list of subsections in the final sentence quoted above, the court

---

[2]*See, e.g., Kilbourn v. Candy Ford-Mercury, Inc.*, 209 F.R.D. 121, 124-25 (W.D. Mich. 2002); *Nigh v. Koons Buick Pontiac GMC, Inc.*, 143 F. Supp.2d 535, 548-49 (E.D. Va. 2001); *Molenbeek v. W. Mich. Auto & Truck Outlet, Inc.*, No. 1:00-CV-286, 2001 WL 1602654, at *5-6 (W.D. Mich. Mar. 15, 2001).

found the list was "not a positive and exclusive enumeration of provisions for which statutory damages are provided," but rather, a "reverse description of exceptions." *Id.* As a result, the district court concluded that violators of § 1638(b) would remain subject to statutory damages because § 1638(b) is not enumerated for exception from the general rule.

While the structure of § 1640(a) makes the *Lozada* interpretation plausible, the language and design of these provisions convince me that the Seventh Circuit and a majority of district courts addressing the issue are correct in concluding that statutory damages are not available for violation of § 1638(b)(1). The limitation of the final sentence of § 1640(a) quoted above explicitly applies "in connection with the disclosures referred to in § 1638" — not just § 1638(a) — it also further states that statutory damages are available *only for* the failure to comply with the enumerated subsections of § 1638(a). This interpretation is also consistent with the legislative history concerning the addition of the final sentence, which indicates that the amendments were intended to limit a creditor's liability for statutory penalties on "closed ended" transactions to disclosures of "the amount financed, the finance charge, the total of payments, the annual percentage rate, the number, amount and due dates of payments, any security interest taken, and, where applicable, the consumer's right to recission." *Kilbourn*, 209 F.R.D. at 127 n.4 (quoting S. Rep. No. 96-73, at 7 (1979) (*reprinted in* 1980 U.S.C.C.A.N. 280, 285)). Not coincidentally, these specified disclosures correspond directly to the sections enumerated in § 1640(a).

As an alternative theory, plaintiffs contend that statutory damages are available because the failure to comply with the form and timing requirements of § 1638(b)(1) constitutes a complete failure to make any of the substantive disclosures required by § 1638(a) — including those for which statutory damages are expressly available. This argument fails to persuade as it would turn the stated congressional intent on its head. As the *Brown* court aptly reasoned:

> [A]ccepting this argument would destroy the point of § 1640(a).  What sense would it make to omit § 1632, § 1638(a)(1), (a)(2) (in part), (a)(7), (a)(8), (a)(10), (a)(11), (a)(12), and all of § 1638(b), (c), and (d) from the candidates for statutory damages if they came in through the back door on the theory that all formal shortcomings infect the disclosures of the items that *are* on the list? Congress included some and excluded others; plaintiffs want us to turn this into universal inclusion, which would rewrite rather than interpret § 1640(a).

202 F.3d at 991.  *See also Kilbourn*, 209 F.R.D. at 127-28.