NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0511n.06
Filed: June 15, 2005

Case Nos. 03-1800, 03-1929

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| No. 03-1800 | ) | |
| JOHN DYKSTRA, and Consolidated | ) | |
| Plaintiffs, | ) | |
| | ) | |
| Plaintiff - Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| WAYLAND FORD, INC., | ) | COURT FOR THE WESTERN |
| a Michigan Corporation, | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Defendant - Appellant, | ) | |
| | ) | |
| No. 03-1929 | ) | |
| CHRISTINE DAENZER, on behalf of | ) | |
| herself and all others similarly situated, | ) | |
| | ) | |
| Plaintiff - Appellee, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WAYLAND FORD, INC., | ) | |
| a Michigan Corporation, | ) | |
| | ) | |
| Defendant - Appellant. | ) | |
| | ) | |

BEFORE: BATCHELDER and DAUGHTREY, Circuit Judges; O'KELLEY,[*] District Judge.

---

[*]The Honorable William C. O'Kelley, United States District Judge for the Northern District of Georgia, sitting by designation.

**ALICE M. BATCHELDER, Circuit Judge.** This is a consolidated appeal involving two cases, which presents issues arising under the federal Truth In Lending Act ("TILA"), 15 U.S.C. §§ 1638, 1640, and the Michigan Motor Vehicle Installment Sales Contract Act ("MVISCA"), M.C.L. § 566.302. In *Daenzer v. Wayland Ford, Inc.*, Defendant-Appellant Wayland Ford, Inc. ("Wayland") appeals the district court's rulings granting Plaintiff-Appellee Christine Daenzer ("Daenzer") summary judgment on her claim for statutory damages under § 1638(b) and § 1640(a) of TILA, summary judgment on the plaintiff class's claim for damages under § 566.302 of MVISCA, and an award of attorney fees and costs under § 1640(a)(3) of TILA. Wayland also asks that if we find in its favor in *Daenzer*, we apply that judgment as res judicata against the other consolidated plaintiffs in the companion case, *Dykstra v. Wayland Ford, Inc.* Because our decision in *Baker v. Sunny Chevrolet, Inc.*, 349 F.3d 862 (6th Cir. 2003), decided after the district court entered final judgment in these cases, held that a violation of § 1638(b) alone does not warrant statutory damages under § 1640(a), we reverse the district court's award of statutory damages to Daenzer. Because the absence of statutory damages removes the basis for an award of attorney fees and costs under § 1640(a), we reverse the district court's award of those items. Because the district court applied its erroneous rulings on statutory damages and attorney fees/costs to the *Dykstra* plaintiffs as res judicata, we reverse those decisions as well. Finally, because the district court misinterpreted the relevant provision of MVISCA, and because under the proper interpretation of that provision plaintiffs are left without a MVISCA claim, we reverse the district court's judgment granting MVISCA damages to Daenzer and the plaintiff class.

## BACKGROUND

2

On January 31, 2001, Daenzer entered into a purchase agreement to buy a vehicle from Wayland. Daenzer signed the necessary documents, including a retail installment sales contract ("RISC"), and took possession of the vehicle that day. It is undisputed that the RISC contained all the disclosures mandated by the federal TILA and state MVISCA. It is also undisputed that Daenzer did not receive her own copy of her RISC on the day she signed it. Wayland disputes this fact with respect to the *Dykstra* plaintiffs, however. Daenzer claims that she never received a copy of this RISC, but her deposition testimony indicates that she did ultimately receive a copy. Daenzer claims that on February 8, 2001, she returned to the dealership to execute a second RISC with different terms, ostensibly because Wayland had been unable to sell the first one to a finance company. Daenzer also claims that Wayland failed to provide her with a copy of this alleged second RISC. Wayland responds by pleading lack of information with respect to Daenzer, but that its policy was to provide a copy of the RISC to the buyer upon execution in accordance with state and federal law, an assertion supported by deposition testimony from several Wayland employees.

On February 27, 2001, Daenzer filed a class action complaint on behalf of herself and others similarly situated, alleging violations under TILA, MVISCA, and various other theories under Michigan state law. Wayland moved for judgment on the pleadings, and before the district court ruled on that motion, submitted two motions for summary judgment. Wayland argued, among other things, that Daenzer's TILA claim should be dismissed because statutory damages are unavailable under § 1638(b) of TILA (and Daenzer was not claiming any actual damages), and that Daenzer's MVISCA claim should be dismissed because Wayland met the statute's standard of substantial compliance. Daenzer filed her own summary judgment motion on her TILA and MVISCA claims.

3

In the meantime, Daenzer succeeded in having two classes certified: one for her TILA claims (the "TILA Class"), and one for her state law claims (the "State-Law Class").

On March 15, 2002, the district court granted in part and denied in part Wayland's motion for judgment on the pleadings. The court upheld Daenzer's TILA and MVISCA claims, but dismissed her other state law claims.[1] Regarding the TILA claim, the court interpreted § 1640(a) as providing for statutory damages for a violation of § 1638(b), even though Wayland argued that § 1640(a) only provided for statutory damages under certain enumerated subsections and that § 1638(b) was not one of them. The district court also interpreted the "substantially comply" language of MVISCA § 566.302 in a manner that was unfavorable to Wayland.

On May 7, 2002, the district court denied Wayland's motions for summary judgment and granted summary judgment in favor of Daenzer as to liability on the remaining TILA and MVISCA claims, leaving the damages issue to a future proceeding. This opinion did little in the way of application of law to undisputed fact. It relied heavily upon the law explicated in the court's previous 12(b)(6) opinion and seems to have taken all the facts alleged by Daenzer as true, even though Wayland repeatedly disputed some of the important ones, such as whether it provided RISC copies to the other TILA Class plaintiffs.

On May 22, 2002, Daenzer moved for summary judgment on the issue of damages. She conceded on the TILA claim that she was not seeking actual damages, and that the TILA Class was not entitled to statutory damages under § 1640 because it had been discovered that Wayland had a negative net worth, thus preventing statutory damages under § 1640(a)(2)(B). Therefore, on her TILA claim Daenzer sought only costs and attorney fees, arguing that her case constituted "a

---

[1]The district court also upheld Daenzer's claim under the Michigan Consumer Protection Act ("MCPA"). The MCPA claim is not an issue on appeal, however, so we make no further reference to it in this opinion.

4

successful action to enforce [TILA] liability" in accordance with § 1640(a)(3). In her revised motion for summary judgment on damages, Daenzer explicitly admitted that any recovery was based on Wayland's failure to provide a copy of the RISC prior to consummation of the transaction. On behalf of the State-Law Class, Daenzer sought money damages under MVISCA.

In response to Daenzer's motion the district court announced, *sua sponte*, that it would consider decertifying the TILA Class so the members could pursue individual statutory damages.[2] After allowing briefing on the issue, the court entered an order decertifying the TILA Class only as to the issue of damages and granting Daenzer's summary judgment motion as to damages, awarding her costs and attorney fees under § 1640(a)(3). The court further held that its previous liability decision is res judicata in any damages actions filed by individual class members, and that under MVISCA, Daenzer and the State-Law Class were entitled to recover the finance charges paid or owed under the relevant contracts.

With the TILA Class decertified, only Daenzer's individual TILA claim remained before the court,[3] along with the MVISCA class action for which she remained the named plaintiff. Daenzer's TILA statutory damages and the State-Law Class's MVISCA damages were determined according to the relevant statute by the simple act of identifying the amount of finance charges associated with each transaction. The court later issued an order setting forth the specific awards of costs and attorney fees, including attorney fees under TILA pursuant to the lodestar analysis and under MVISCA as a percentage of the common fund of recovered damages.

---

[2] Under § 1640 the defendant's negative net worth limits only recovery by a class, not an individual plaintiff.

[3] Twenty-eight members of the former TILA Class filed their own actions for damages. Those actions were consolidated into the *Dykstra* case that is also before us on appeal.

5

After the district court decertified the TILA Class so that its members could seek individual statutory damages, twenty-eight plaintiffs (the "*Dykstra* plaintiffs") filed their own actions against Wayland, noting that the decertification "did not affect the earlier liability determination which is res judicata on any further proceeding between these parties." The *Dykstra* plaintiffs eventually obtained judgment in their favor in all but one of the cases.[4] The district court also awarded the *Dykstra* plaintiffs costs and attorney fees pursuant to TILA § 1640(a)(3).

The district court executed a Final Judgment dated June 19, 2003, from which Wayland timely appealed.

## ANALYSIS

### I. Standard of Review

We review de novo a district court's ruling on a motion for summary judgment. *Terry Barr Sales Agency, Inc. v. All-Lock Co.*, 96 F.3d 174, 178 (6th Cir. 1996). We also review mixed questions of law and fact de novo. *Williams v. Mehra*, 186 F.3d 685, 689 (6th Cir. 1999) (en banc). Finally, we apply de novo review to issues of statutory construction as well. *Jordan v. Michigan Conference of Teamsters Welfare Fund*, 207 F.3d 854, 858 (6th Cir. 2000).

### II. TILA Statutory Damages

The district court granted summary judgment in Daenzer's favor on her TILA claim, holding that she had established a violation of § 1638(b)'s form and timing requirements, which entitled her to statutory damages under § 1640(a). Five months after final judgment in the district court, we issued our decision in *Baker v. Sunny Chevrolet, Inc.*, 349 F.3d 862 (6th Cir. 2003), which held that a violation of § 1638(b) alone does not warrant statutory damages under § 1640(a). *Id.* at 871.

---

[4]One of these cases, *Holts v. Wayland Ford, Inc.*, No. 1:02-CV-863, was dismissed with prejudice by the parties' stipulation.

Wayland argues that we should apply *Baker* to overturn the district court's decision in *Daenzer*. We agree.

Under the TILA statutory regime, § 1638(a) specifies the substantive requirements of creditors' disclosures, § 1638(b) specifies the form and timing of such disclosures, and § 1640(a) creates a cause of action for certain violations of TILA. Section 1640(a) sets out the various damages remedies, and then states the following:

> In connection with the disclosures referred to in section 1638 of this title, a creditor shall have a liability determined [regarding individual statutory damages] only for failing to comply with the requirements of section 1635 of this title or of paragraph (2) (insofar as it requires a disclosure of the "amount financed"), (3), (4), (5), (6), or (9) of section 1638(a) of this title.

15 U.S.C. § 1640(a). *Baker* held that this language does not provide a statutory damages remedy for a violation of § 1638(b).

*Baker* clearly requires that we reverse the district court's decision awarding summary judgment to Daenzer, which is based solely on its finding that Wayland violated § 1638(b)'s form and timing of disclosure requirements by failing to give Daenzer a copy of her RISC at signing. In light of *Baker*, Daenzer now tries to argue that the district court found a violation of § 1638(a) as well as § 1638(b). This argument is clearly meritless. Even in the district court, Daenzer never argued that Wayland had directly violated § 1638(a),[5] and the district court's written opinions clearly indicate that the liability ruling for Daenzer was based entirely on a § 1638(b) violation meriting statutory damages under § 1640(a). Since the basis for that ruling is now clearly erroneous in light

---

[5]Daenzer's only claim that Wayland had violated § 1638(a) was through a "backdoor theory," which basically contended that any violation of § 1638(b) automatically constitutes a violation of § 1638(a) as well. The *Baker* court explicitly rejected this argument.

7

of *Baker*, we must reverse the district court's decision granting summary judgment to Daenzer on the issue of TILA statutory damages.

### III. TILA Attorney Fees and Costs

The district court awarded Daenzer attorney fees and costs under TILA § 1640(a)(3) because it determined that she had maintained a "successful action to enforce the foregoing [TILA] liability." For purposes of determining the right to attorney fees and costs, the relevant portions of § 1640(a) state as follows:

> (a) Except as otherwise provided in this section, any creditor who fails to comply with any requirement imposed under this part . . . is liable to such person in an amount equal to the sum of–
>
> > (1) any actual damage sustained . . . ;
> >
> > (2) [statutory damages]; and
> >
> > (3) in the case of any successful action to enforce *the foregoing liability* or in any action in which a person is determined to have a right of rescission under section 1635 of this title, the costs of the action, together with a reasonable attorney's fee as determined by the court.

§ 1640(a) (emphasis added). Wayland argues that "the forgoing liability" refers only to actual and statutory damages under § 1640(a)(1) and (2), and that since Daenzer is not entitled to damages under either of those provisions, she is also not entitled to an award of attorney fees and costs. Daenzer argues for a broad interpretation of the word "liability" in § 1640(a)(3) that would encompass any judgment declaring a violation of TILA, regardless of whether that violation warranted actual or statutory damages. Daenzer reasons that under such a broad reading, she is entitled to her award of costs and attorney fees because she has obtained a judgment that Wayland violated § 1638(b).

8

Although we are concerned about the lack of incentives to enforce TILA violations that are not subject to actual or statutory damages, we are convinced that § 1640(a)(3) provides for attorney fees and costs in only three instances: when actual damages are established under § 1640(a)(1); when statutory damages are established under § 1640(a)(2); and when a § 1635 right of rescission operates under § 1640(a)(3). Daenzer's argument that "liability" refers to the entire TILA is simply not supported by the statute's language and structure. Section 1640 is titled "Civil liability," thereby strongly implying that use of the term "liability" therein applies within the parameters of § 1640 rather than to the entire TILA statute (including all the provisions not referring to liability). In that context, use of the phrase "the foregoing liability" in § 1640(a)(3) seems naturally to refer to the actual and statutory damages set forth in § 1640(a)(1) and (2) rather than every preceding provision of the entire TILA statute. Finally, Daenzer's suggested construction would render superfluous the portion of § 1640(a)(3) specifically providing costs and attorney fees for establishing a right to rescission under § 1635. *See Broadcast Music, Inc. v. Roger Miller Music, Inc.*, 396 F.3d 762, 769 (6th Cir. 2005) ("Courts are to make every effort to interpret provisions so that other provisions in the statute are not rendered inconsistent, superfluous, or meaningless."). For these reasons, the § 1638(b) violation established by Daenzer does not fall within the reach of § 1640(a)(3), and we reverse the district court's decision awarding her costs and attorney fees under TILA.

## IV.    Res Judicata Application to *Dykstra* Plaintiffs

Once the TILA Class was decertified, twenty-eight plaintiffs filed actions pursuing individual TILA statutory damages against Wayland. These actions were consolidated into the *Dykstra* case. After the district court made its TILA rulings regarding statutory damages and attorney fees/costs in *Daezner*, it applied these rulings as res judicata to the *Dykstra* plaintiffs.

9

Because the district court's rulings in *Daenzer* regarding statutory damages and attorney fees/costs are erroneous, Wayland argues, we must not only reverse them, but apply our holdings as res judicata to the *Dykstra* plaintiffs. We agree.

In *Erbia v. Chrysler Plastics Prods. Corp.*, 891 F.2d 1212, 1215 (6th Cir. 1989), we stated with regard to res judicata:

> When a judgment has been subjected to appellate review, the appellate court's disposition of the judgment generally provides the key to its continued force as res judicata and collateral estoppel. A judgment that has been vacated, reversed, or set aside on appeal is thereby deprived of all conclusive effect, both as res judicata and as collateral estoppel.

Our reversal of the district court's rulings granting statutory damages and attorney fees/costs to *Daenzer* under TILA deprives the district court's judgment of its conclusive effect. Therefore, we reverse the res judicata application of the district court's erroneous rulings on statutory damages and attorney fees/costs to the *Dykstra* plaintiffs.

## V.    MVISCA Claim

The district court interpreted the "substantially comply" language of MVISCA § 566.302 in a manner favorable to Daenzer, and it granted summary judgment to Daenzer and the State-Law Class on the MVISCA claim. Wayland argues on appeal that the district court erroneously interpreted the "substantially comply" language, and that under a proper interpretation Daenzer and the State-Law Class have no valid MVISCA claim. We agree.

MVISCA § 566.302 establishes substantive disclosure requirements for credit transactions similar to those in the TILA. Like the TILA, the first paragraph of § 566.302 requires that the "written instrument [evidencing the credit transaction] shall contain" several specific disclosures. It also requires that a copy of the written instrument "shall be delivered to [the retail buyer] by the

10

retail seller at the time of its execution." The primary focus of this appeal is the fourth paragraph of § 566.302–the remedy portion of the statute–which states the following:

> Under a written instrument evidencing a retail installment sale which does not substantially comply with the requirements of this section, the seller shall not be entitled to recover, collect or retain that part of the obligation which represents the finance charge and the buyer shall not be liable therefor.

The district court held, and Daenzer argues in this appeal, that the phrase "substantially comply" modifies "retail installment sale," and that a retail installment sale in which Daenzer did not receive a copy of her RISC at the time of signing–a fact admitted by Wayland–did not substantially comply with the requirements of § 566.302.

Wayland argues, on the other hand, that "substantially comply" modifies the broader phrase "written instrument evidencing a retail installment sale," so that the focus of the remedy provision would be upon the substantive disclosures in the RISC (the "written instrument") rather than the entire "retail installment sale," which would arguably include the timing of the disclosure. A focus on the content of the written instrument would benefit Wayland because Daenzer does not argue that her RISC was incomplete.

No Michigan state appellate court has interpreted this provision, which leaves to us the task of doing so in the first instance.

We agree with Wayland that the district court erred when it interpreted "substantially comply" as modifying the entire "retail installment sale" rather than the narrower "written instrument evidencing a retail installment sale." The remedy provision of § 566.302 requires the "written instrument evidencing a retail installment sale" to "substantially comply with the requirements *of this section*." (emphasis added). "This section" is 566.302, which deals with the written instrument (the RISC) specifically, not the broader retail installment sale. This fact is clear

11

not only from the content of § 566.302, but from its title, which reads, "Contract, contents; delivery of copy of contract and insurance policy to buyer." Given the language and structure of § 566.302, it is the "written instrument evidencing a retail installment sale" that must "substantially comply" with the requirements of § 566.302, not the broader "retail installment sale."

Since Daenzer's MVISCA claim is based entirely on the delivery of her RISC–she does not claim that its substantive contents were deficient–our interpreting "substantially comply" to apply to the contents of the "written instrument," rather than the broader "retail installment sale" process, leaves her and the State-Law Class without a claim under MVISCA. Therefore, we reverse the district court's grant of summary judgment to Daenzer and the State-Law Class on the MVISCA claim, and we grant summary judgment to Wayland on that claim.

## CONCLUSION

For the foregoing reasons, we **REVERSE** the district court's summary judgment orders granting plaintiffs statutory damages and attorney fees/costs under TILA and damages under MVISCA, and we **GRANT** summary judgment to Wayland on plaintiffs' TILA and MVISCA claims.