File Name: 07a0425n.06

Filed: June 20, 2007

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

No. 06-1402

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

JOHN DYKSTRA, and Consolidated Plaintiffs,

    Plaintiffs-Appellants,

v.

WAYLAND FORD, INC., a Michigan
Corporation,

    Defendant-Appellee.

                             ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE WESTERN
DISTRICT OF MICHIGAN

_____/

Before:      KENNEDY, MARTIN, and SUTTON, Circuit Judges.

      BOYCE F. MARTIN, JR., Circuit Judge. Plaintiffs appeal the district court's order denying their motion for leave to amend their complaint pursuant to Fed. R. Civ. P. 15(a). Specifically, plaintiffs wish to amend their complaint in order to request actual damages, following this Court's ruling that they were ineligible for the statutory damages they originally requested. Because we find that plaintiffs have not shown good cause for their delay, and defendants would suffer undue prejudice were plaintiffs granted leave to amend, we **AFFIRM** the decision of the district court.

I.

This case comes before us after a long and complex procedural history. Most of the details can be found in the prior panel's opinion. *See Dykstra v. Wayland Ford, Inc.*, 134 F. App'x 911, 913-15 (6th Cir. 2005). The following is a brief summary of the relevant aspects of this case.

In 2001, a class action (with Christine Daenzer as named plaintiff) was filed against defendant Wayland Ford. The class alleged various violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq*., and Michigan state law. During the course of this litigation, the district court issued several orders, most of which are irrelevant to the issue on appeal. Ultimately, the class was decertified, and two lawsuits remained: *Daenzer v. Wayland Ford, Inc.* (the named plaintiff in the former class action), and *Dykstra v. Wayland Ford, Inc.* (a consolidation of twenty-eight individual plaintiffs). Among the district court's orders was a ruling that Wayland had violated § 1638(b) of TILA. The district court then granted summary judgment to plaintiffs on their claims for statutory damages. At no time during the course of the litigation did plaintiffs ever request actual damages. A panel of this Court heard a consolidated appeal from the *Daenzer* and *Dykstra* cases, and ruled, *inter alia*, that plaintiffs could not recover statutory damages where defendant's liability was based solely on a violation of § 1638(b).[1] *See Dykstra*, 134 F. App'x at 913. Realizing that they were left without a remedy for Wayland's TILA violation, the *Dykstra* plaintiffs filed a motion in the district court pursuant to Fed. R. Civ. P. 15(a), seeking leave to amend their complaint in order to pursue actual damages. The district court denied their motion, and plaintiffs filed this appeal.

---

[1]The ruling was based on this Court's holding in *Baker v. Sunny Chevrolet, Inc.*, 349 F.3d 862, 871 (6th Cir. 2003), which was issued five months after the district court's final judgment, but before the appellate panel's ruling. *Baker* held that a successful claim under § 1638(b) alone does not warrant an award of statutory damages under § 1640(a); rather, such a claim only allows for recovery of **actual** damages. *Id*. at 869.

II.

Denial of a motion for leave to amend a complaint is reviewed for an abuse of discretion. *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 833 (6th Cir. 1999).

Under Fed. R. Civ. P. 15(a), a party that misses the deadline to amend its pleading may still be permitted to amend "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." While this rule is quite lenient, "[w]hen amendment is sought at a late stage in the litigation, there is an increased burden to show justification for failing to move earlier." *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 459 (6th Cir. 2001) (affirming district court's denial of plaintiff's motion to amend his complaint (in order to add new claims) that was submitted near the end of discovery for summary judgment motions); *Duggins*, 195 F.3d at 834-35 (same, where discovery deadline had passed). Here, of course, we are presented with a motion for leave to amend not merely after the passage of a discovery deadline; by this point, several orders were issued by the district court and an appellate decision had come down. While nothing in Rule 15(a) forecloses a plaintiff from amending a complaint after an appeals court has ruled on the case, a significant amount of time had elapsed since the litigation began.

In discussing Rule 15(a), the Supreme Court has explained that

[i]n the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. — the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). Applying this standard to the instant case, while it is not clear we would have made the same decision as the district court, we cannot say that its denial of plaintiffs' motion was an abuse of discretion. In its opinion, the district court gave sufficient reasons explaining why it was denying plaintiffs' motion—namely, plaintiffs' failure to show good cause for delay and the undue prejudice Wayland would suffer. We realize that when the *Daenzer* plaintiffs originally brought their claim as a class action, they were only permitted to seek statutory damages. 15 U.S.C. § 1640(a)(2)(B). But after class decertification, plaintiffs could have sought actual damages, *i.e.*, as an alternative request for damages. Why they did not do so is anyone's guess, although we suspect that it has something to do with the fact that statutory damages are far more lucrative than actual damages, and actual damages are difficult to prove. *See, e.g., Turner v. Beneficial Corp.*, 242 F.3d 1023, 1028 (11th Cir. 2001).

Further, as the district court noted, allowing plaintiffs to amend their complaint at this stage in the litigation could prove substantially prejudicial to defendant Wayland. This litigation has been ongoing since 2001. As the district court noted, Wayland devoted substantial resources to this litigation since its commencement as a class action suit, and if plaintiffs' motion were to be granted, Wayland would be required to explore the factual basis underlying each of the twenty-seven remaining plaintiffs' actual damages claims.

We realize that plaintiffs are merely trying to request an alternative form of damages. They are not seeking to add a new cause of action or a new factual basis for defendant's liability. An amendment which would allow plaintiffs to pursue actual damages would not have any effect on the issue of liability, or require additional litigation on particular points of law. However, similar to the

case at bar, the plaintiffs in *Leary v. Daeschner* sought to amend their complaint for the second time in order to add claims for monetary damages for causes of action contained in the original complaint, specifying that they desired "to clear up any confusion in regard to damages claimed." 349 F.3d 888, 904-05 (6th Cir. 2003). And there we held that even with respect to what plaintiffs deemed a "clarification," the district court did not abuse its discretion by denying their motion. *Id*. at 909. Here, plaintiffs are presented with a more difficult hurdle to overcome, as they now seek damages that were clearly never part of their original prayer for relief.

After reviewing the record before us, we cannot say that the decision to deny plaintiffs' motion leaves us with "a definite and firm conviction that the trial court committed a clear error of judgment." *Benzon v. Morgan Stanley Distribs., Inc.*, 420 F.3d 598, 605 (6th Cir. 2005). Therefore, we hold that the district court did not abuse its discretion.

The judgment of the district court is **AFFIRMED**.